## MORELAND *vs.* SANFORD & CLARK.

A motion to change the venue must, if the intervention of a special term will allow be made in such season that, if it be denied, the plaintiff will not lose a trial in the county where the venue is laid: if made at a later term, it will be denied for that cause.

· Ignorance of the practice on the part of the defendant's attorney will not excuse the delay.

D. WRIGHT, for the defendants, moved to change the venue from Tompkins to Montgomery. The cause of action and defence both arose in Montgomery. The suit was commenced by declaration, March 10; issue joined April 8, and notice of motion for this term with an order to stay proceedings served June 11, 1845. There was a circuit on the 18th of August, in Tompkins, and one will be held in Montgomery in November next. The defendants swear to nineteen witnesses in Montgomery and two in counties east, and their attorney makes affidavit that he was not aware that the practice required the motion to be made in such season that a trial should not be lost in the county where the venue was laid if the motion should be denied, but thought it sufficient diligence to move so early that no trial should be lost in the county to which he seeks to change it. The plaintiff swears to twenty-seven witnesses in Tompkins.

*A. Taber*, for the plaintiff.

*By the Court*, BEARDSLEY, J. This motion is too late; it should have been made at the April or June special term. Had it been made at either of those terms and denied, the plaintiff might have noticed the cause for trial at the late August circuit in Tompkins, which he was precluded from doing by the order to stay proceedings for this motion, made in June. The plaintiff has thus been delayed by the unexcused neglect of the defendants; for the affidavit of one of their attorneys that he was not aware that greater diligence was necessary, cannot be received as an excuse, and this delay constitutes an insuperable

obstacle to the present motion. A party sued is bound at his peril to move for a change of venue at the earliest practicable day, if his delay to a later period may have the effect of carrying the plaintiff over a circuit in the county where the venue is laid. This consequence has resulted from the delay in the present instance, and on this ground the motion is denied with costs. (*Anon.* 18 *Wend.* 514; *Garlock* v. *Dunkle,* 22 *id.* 615; 4 *Hill,* 63, *note.*)