## SUPREME COURT.

### RUTH HULBERT vs. THE HOPE MUTUAL INSURANCE COMPANY.

The service of a summons upon a president of a foreign corporation who happens to be temporarily in this state, and who does not voluntarily appear, does not give the court jurisdiction of the defendant (the corporation,) for the purpose of rendering personal judgment upon contracts made in this state, or for debts due to residents of this state. Such a service must be regarded, for all practical purposes, as simply a statutory notice that proceedings are about to be instituted against the defendant's *property*.

An action against a foreign corporation, is now as a *suit* was formerly, a proceeding against its property only, unless there was a voluntary appearance by the defendant. (See Code, sections 227 to 243; 2 R. S. 459, and § 427 of the code.)

It is not required (Code, § 227) that the attachment should accompany the service of the summons. It may be served afterwards.

*Erie Special Term, January,* 1850.—The defendant is a corporation, created by the laws of Connecticut. The only proceeding yet taken in the action, is the issuing and service of a summons. The service was made by delivering a copy to John W. Leeds, in the office of the defendant in the city of New York. Leeds is the president of the company, and resides in Stamford in Connecticut, being temporarily in New York on business, when the service was made. The action is upon a policy of insurance effected upon the life of the late husband of the plaintiff The contract was made with an agent of the defendant in the city of Buffalo, and the plaintiff resides there.

The affidavit on the part of the plaintiff states that her attorneys were intending to procure the issuing of an attachment in the action; that they had been making inquiries, and procuring the evidence requisite to lay before an officer to get this process; and were about to make an application for it, when the proceedings were stayed to enable the defendant to make this motion. The defendant does not yet appear generally in the cause, but specially for the purpose of making the motion only. The motion is to set aside the summons and proceedings for irregularity, on the ground that the suit is commenced "by the service of summons only."

H. W. ROGERS, *for defendant.*

S. G. HAVEN, *for plaintiff.*

SILL, Justice.—The object of this motion, as stated in the body of the affidavit on the part of the defendant, and by the counsel on the argument, is to interpose an objection to the jurisdiction of the court. The

argument is, that without an attachment and seizure of property, there is no jurisdiction *in rem.* ; and by service of a summons on the president of a foreign corporation, the court does not obtain jurisdiction of the person (so to speak) of the defendant: that although the term of the code would seem to confer jurisdiction by such service, still if such was its design, it is in this respect nugatory.

I find that a notion prevails to a very considerable extent, that it was designed by the amended code, to authorize courts to pronounce judgment *in personam* against a foreign corporation, upon proof of the service of a summons in the manner prescribed in that act. A glance at the former and present practice will show that it is not very extraordinary that such an impression should exist. At common law, before a judgment could be pronounced, the defendant must be in court, either upon its process or by voluntary submission of his person to its jurisdiction ; and a statement that the defendant was in court, was an indispensable requisite in the record of every valid judgment. Down to the time of the adoption of the code, this principle of practice was retained in theory. If the defendant was not in fact in court, in one of the modes above mentioned, then an *authorized* entry of his appearance in its minutes is a pre-requisite in the recovery of a judgment. This entry justified a a statement in the record (which could not be controverted) that the defendant was in court. Thus under the former practice, every regularly drawn record contained conclusive evidence that the tribunal, giving the judgment, had jurisdiction of the person of the defendant.

Prior to 1830, it seems to be conceded that in our courts or under our laws, no proceedings could be had against foreign corporations except in cases of voluntary appearance by them. (*In the matter of McQueen,* 16 Johnson, 5.)

The Revised Statutes (Vol. 2, 459, sec. 15, *et. seq.*) authorized proceedings by which *the property* of foreign corporations in this state might be attached and appropriated to the payment of their debts. These proceedings were called *suits* against foreign corporations ; but the absence of any provision authorizing the entry of the appearance of the defendant, except by its own direction (which I have shown to be indispensable to the recovery of judgment *in personam*,) left no ground for supposing that the proceeding, so far as it depended on the statute alone for its validity, was anything more than a proceeding against the property of the corporation in this state, (3 R. S. 2d ed. 754.)

The code dispenses with an appearance in fact, or in theory, in order to obtain a judgment. Proof that a summons has been served, and that

no answer is put in, a specified time having elapsed, authorizes the court to direct the entry of a judgment. The mode of service, when it can be so made, is by the delivery of a copy of the summons personally to the defendant within this state; and in this manner jurisdiction of the defendant, when a natural person or a domestic corporation, is obtained, which all agree is sufficient to a valid personal judgment. But when personal service cannot thus be obtained, the code authorizes a resort to other steps, which it declares to be service of the summons, and which may be taken against a person, natural or artificial, that has never been within the territorial jurisdiction of this state, or under the protection of our laws. The provisions of the code which regulate the entry of judgments for want of answer, upon proof of service of the summons, make no distinction as to the effect of service, whether it is personal or by publication, except, when the service is not personal, the plaintiff is required to make *ex parte* proof of his claim, and to be examined as to payments. The effect of the judgments in either case, so far as they depend upon any express provision in the code, are the same.

A clause of the 6th subdivision of section 135, does permit a defendant, " when publication is ordered and a copy of the summons is not personally served on the defendant, nor received by such defendant," to defend the action after judgment, in certain cases; but this privilege is not extended to absent defendants who receive a copy of the summons out of this state, and the terms of this provision do not in any case limit or qualify the effect of the judgment, unless the defendants shall come in and submit to the jurisdiction of the court. It is not surprising, therefore, that the code should be understood as asserting, and attempting to confer on our courts, jurisdiction of the citizens and corporations of other states, for the purpose of rendering personal judgments upon contracts made in this state, and for debts due to residents of this state.

I shall assume, however, that neither those who framed the code, or those who enacted it, claim for it any such extra-territorial authority, and that an *action* against a foreign corporation, is now, as a *suit* was formerly, a proceeding against its property only in this state, unless there is a voluntary appearance by the defendant. The enquiry, therefore, is whether the service of a summons alone on the president of a foreign corporation, who is found in this state, is authorized by the code when the object of the *action* is to proceed against the defendant's property here.

The law authorizing *suits* against foreign corporations was not changed by the code as originally adopted; but the amendments of 1849 introduced into that act provisions regulating such *actions*, which probably

supersede pre-existing statutes on that subject. (Laws of 1849, chap. 107, p. 142–3 ; Report of Commissioners on Practice, p. 39 ; Amended Code, sections 227 to 243 ; 2 R. S. 459.)

Before 1849, the only mode of proceeding against a foreign corporation was by attachment (1 Howard's Pr. R. 250 ;) and this process was not accompanied or preceded by a summons, declaration or complaint. (2 R. S. 459, sec. 15.)   By the 107th chapter of the laws of 1849, which passed the Legislature before the amendments to the code, the 15th section of the Revised Statutes above cited was so amended as to require a summons and complaint to accompany the attachment.

The amendments to the code followed, which provide that actions may be brought in the Supreme Court against foreign corporations, upon contracts made in this state, and by plaintiffs who are residents of this state (sec. 427,) and that suits in Courts of Record shall be commenced by the service of a summons, (sec. 127.)   The summons is to be served on a corporation by delivering a copy thereof to the *president* or other head of the corporation, secretary, cashier, or managing agent thereof; and when *the person to be served* cannot after due diligence be found in this state, and a cause of action is shown to exist, and the defendant is a foreign corporation, an order can be obtained that the service be made by publication and transmission of the summons by mail, and in such cases the service is complete at the expiration of the time prescribed for the publication, (sections 134, 135, 137.)   The mode of serving the summons which has been adopted here is the only course that could be pursued under the circumstances of this case.   A reference to section 135 will show that an order for publication cannot be had against a defendant, even a foreign corporation, without proving to the officer who is to make the order, that the *person to be served* (not the defendant) cannot, " after due diligence, be found in this state." I think, therefore, that the mode of service which the plaintiff has adopted is, under circumstances like these, contemplated by the code. It is, however, objected that that the practice is irregular, because the summons was not accompanied by an attachment.   Chapter 4, of title 7, of the code was introduced as one of the amendments of 1849, and is mainly a transcript from the Revised Statutes, the principal alterations being such as were proper to adapt it to other provisions of the code, and also to extend its application to suits against natural persons, in cases where jurisdiction of the defendant could not be obtained by personal service of a summons in this state.   The first section of this chapter, (227) is as follows : " In an action for the recovery of money, against a corporation created by or under the laws of any other state,

government, or country, or against a defendant who is a non-resident of this state, or against a defendant who has absconded or concealed himself as hereinafter mentioned, the plaintiff, at the time of issuing the summons, *or at any time after*, may have the property of such defendant attached in the manner hereinafter prescribed, as a security for the satisfaction of such judgment as the plaintiff may recover." This section unquestionably contemplates that a summons may be issued before the attachment, and, in connection with the other provisions of the code before referred to, satisfactorily shows that the practice thus far in the case is authorized by law, and regular. The defendant's counsel still objects that the law is nugatory, so far as it attempts to authorize the service of a summons on the president of a foreign corporation in this state; that the president of a corporation, when out of the state where it is located, does not represent the corporate body there, so as to subject it to the jurisdiction of a sovereignty other than that by whose laws it was created. I am not disposed to question the general doctrine, and would admit its application here, if the object of serving the summons was to get *jurisdiction* of the *defendant.* But such was not its object. It was a step preliminary to a proceeding against the defendant's *property* in this state; a step ineffectual for any purpose, unless followed by a warrant of attachment and seizure of property. The summons is not, in such a case, a judicial process; nor is its issue and service in fact (what it is with doubtful propriety called in the code,) the commencement of an action against a *foreign corporation*, but, for all practical purposes, is simply a statutory notice that proceedings are about to be instituted against its *property*.

The power of a state to appropriate property within its limits belonging to absent debtors, to the payment of their debts to its citizens, is undoubted. Any law having such an object is therefore valid, if it contains nothing repugnant to the constitution of this state or the United States, or to natural right. The omission of a provision for giving any notice to the debtor, other than that which constructively results from a seizure of the property, it is conceived would not bring the act within the latter objection. I am not aware that the validity of the act of 1830, authorizing suits against foreign corporations, was ever questioned on account of the absence of any provision for notifying the defendant of the proceeding, which was wanting in that statute, until the amendment of 1842. Were this otherwise, however, the mode of giving the notice must be prescribed by the Legislature, and so long as the steps they direct for the purpose are reasonably adequate to the end proposed, they must of course be held legally sufficient. The object is, in such case, actual

notice; and service of it on the head of the corporation, who happens to be temporarily within the state where the property is about to be seized, must be admitted, is an appropriate, practical and effectual method of bringing to the officers of the corporation a speedy knowledge of the proceeding. This objection of the defendant must, therefore, be overruled.

The motion is denied with ten dollars costs.