WALSH and others v. MEMPHIS, CARTHAGE & NORTHWESTERN
R. Co. and others.

*(Circuit Court, E. D. Missouri. March 28, 1881.)*

1. JOINDER OF PARTIES.
> A corporation is a necessary party defendant to a bill to enforce a judgment against it by compelling contribution from its stockholders.

2. SAME.
> All the stockholders are also necessary parties in such a suit, if they apply to be heard.

3. JURISDICTION—WHEN SUIT IS NOT WHOLLY BETWEEN CITIZENS OF DIFFERENT STATES.
> If A. and C. are citizens of the same state, and B., C., and D. are citizens of different states, a suit in which A. and B. are plaintiffs and C. and D. defendants, and in which they are all necessary parties, is not one over which a United States court will take jurisdiction, on the ground that the controversy is "between citizens of different states." To give a United States court jurisdiction on that ground the controversy must be wholly between citizens of different states.

In Equity. Motion to Remand.

This was a suit in equity to enforce certain judgments against the Memphis, Carthage & Northwestern Railroad Company, by compelling contribution from holders of unpaid stock, and for other purposes. It was originally commenced in the circuit court of the city of St. Louis, in the state of Missouri, by George W. Walsh, Union Savings Association, a corporation, William Lee, Joseph Shippen, Edward Burges, James J. Marks, and Hiram Driggs, citizens of the state of Missouri, H. R. Beers, A. M. Jay, S. M. Sovern, S. Pitzer, J. F. Pitzer, and Alfred Palmer, citizens of the state of Kansas, against Joseph Seligman, James Seligman, Jesse Seligman, John A. Stewart, J. M. Brown, and James M. Hyde, citizens of the State of New York, Memphis, Carthage & Northwestern Railroad Company, St. Louis & San Francisco Railroad Company, A. A. Talmage, C. W. Rogers, W. J. Tower, Ezra Miller, and James Baker, citizens of Missouri, and R. W. Wright, a citizen of Kansas. The petition for removal was made by defendant Jesse Seligman alone, and set forth that he was a citizen of the state of New York; that

the controversy was wholly between citizens of different states; that the whole matter in controversy was as to the liability of the petitioner and his co-defendants, Joseph and James Seligman, and that the other defendants were only nominal parties.

Motion was made to remand upon the following grounds, viz.: (1) Because only one of the defendants, Jesse Seligman, petitioned for the removal, and because the suit was not one in which there could be a final determination of the controversy, as far as concerned him, without the presence of the other defendants; (2) because the controversy in the suit was partially between parties who are citizens of the state of Missouri, and not wholly between citizens of different states, between whom it could be fully determined; (3) because the controversy was not wholly as to the liability of said Jesse, James, and Joseph Seligman, but involved questions as to rights of property in which other defendants were interested.

*Joseph Shippen* and *John P. Ellis,* for motion.

*Broadhead, Slayback & Hauessler,* for petitioning defendant.

McCRARY, C. J. The corporation defendant is a necessary party to a bill to enforce a judgment against it by compelling contribution from its stockholders. All the stockholders are likewise necessary parties, if they apply to be heard, to the end that each may be assessed his equitable share only. Hence it is that in this case the controversy is not wholly between citizens of different states, and cannot be finally determined as between them.

Motion to remand sustained.