GEORGE R. GIBSON and Others, Respondents, *v.* THE AMERICAN LOAN AND TRUST COMPANY, Appellant, Impleaded, etc.

*Trustee of a mortgage acting in bad faith to the bondholders — injunction.*

Where it appears that a trust company, which has acted as trustee under a mortgage covering lands in another State, given by a corporation as collateral to bonds issued by it, has acted in bad faith in the prosecution of an action for the foreclosure of the mortgage, and in a manner prejudicial to the interests and rights of the holders of the bonds, such trust company, its officers, agents and attorneys, will be enjoined by the courts of the State of New York from taking any further proceedings in the matter, pending the final hearing and determination of an action for its removal as trustee, although the proceedings in foreclosure are pending in another State, and relate to real estate therein.

Appeal by the defendant, the American Loan and Trust Company, from an order of the Supreme Court, made and entered in the office of the clerk of the county of New York on the 14th day of March, 1890, enjoining the defendant from taking any proceedings, under a decree entered in the District Court of Otoe county, Nebraska, on January 24, 1890, in an action in which the American Loan and Trust Company, trustee, was plaintiff, and the City Water Company of Nebraska City, and the Nebraska City Water and Light Company, and the American Loan and Trust Company, trustee, were defendants, or for the enforcement thereof, and from taking any proceedings or acting as trustee under a deed of trust made to the said, the American Loan and Trust Company, by the City Water

Company of Nebraska City, except to defend an action, brought by the same plaintiffs named in the action in which such order was made, in the District Court of Otoe county, Nebraska.

*Robert L. Harrison,* for the appellant.

*E. Ellery Anderson,* for the respondents.

DANIELS, J.:

The action has been brought in favor of the holders of bonds issued by the City Water Company of Nebraska City in the State of Nebraska. The total issue of the bonds amounted to the sum of $150,000. Each bond was for the sum of $1,000, and secured by a mortgage upon the property of the Water Company. This mortgage was executed and delivered to the American Loan and Trust Company of the City of New York in trust for the security and benefit of the holders of the bonds. The Water Company made default in the payment of interest upon the bonds, and at the request of the holders of sixty-one of the bonds the Trust Company commenced an action in the District Court of Otoe county, Nebraska, to foreclose the mortgage and sell the mortgaged property. Before this action was commenced, and after the execution and delivery of the mortgage, another corporation was organized in the city of Nebraska called the Nebraska City Water and Light Company. And after the organization of that company the City Water Company, the mortgagor, transferred its property, covered by the mortgage, to a person who conveyed it to the Nebraska City Water and Light Company, which then incumbered it by a mortgage for $250,000. After this transfer and conveyance the grantee made additions to and improvements upon the property, and these facts were alleged in the petition for the commencement of the action for the foreclosure of the mortgage. That company answered the petition, alleging that it had purchased real property and built water-basins, and provided apparatus for the use of the company, and had obtained the performance of architect and engineering services, and that the amount expended therefor was necessary to keep the plant in running order and retain the customers of the City Water Company, and that it amounted to the sum of $25,000, for which a priority was claimed in the action over the mortgage

to the Trust Company.   Other answers were served in the action, but containing no allegations affecting this part of the action.   And after the issues had been framed the cause appears to have been brought on for a hearing by consent of the parties and a decree was entered in conformity to the prayer of the petition, and, also, finding due to the Nebraska City Water and Light Company, as a first lien upon the property, this sum of $25,000.   No contest appears from the docket entry in the action to have taken place concerning the allowance of this sum of money, nor any adjudication by the court determining it to be a prior incumbrance upon the property to the mortgage previously given by the City Water Company.   But what took place at the trial appears from the docket entry to have been the result of consent on the part of the attorneys and counsel representing the two water companies and the trustee to which the mortgage had been given.   It further appeared that one of the attorneys who had been employed to and did represent the Trust Company in the commencement and prosecution of the foreclosure action was one of the incorporators of the Nebraska City Water and Light Company.   The attorney who represented the mortgagor in the mortgage was also an incorporator in that company, and so was the attorney who represented and appeared for the Nebraska City Water and Light Company.   And it was, accordingly, their interest to promote and maintain all such advantages as might be secured for the Nebraska City Water and Light Company, in preference to those of the Trust Company under the mortgage and the plaintiff in the foreclosure action.   There was reason, therefore, for believing, in the disposition which was made of the foreclosure action by the judgment or decree agreed to be entered, that the rights and interests of the holders of the bonds secured by the mortgage had been so far disregarded and sacrificed, and that this had been done under the authority and with the connivance of the Trust Company itself.

When these facts came to the knowledge of the plaintiffs, measures were taken by way of correspondence to induce the Trust Company to permit the plaintiffs to be represented in the foreclosure action to secure a proper observance and vindication of their own rights under the mortgage.   But this was declined on the part of the Trust Company, which refused to authorize or consent to such interference.   And this refusal tended to confirm the belief that the

Trust Company was not in good faith prosecuting the foreclosure suit for the promotion of the interests and the protection of the rights of the holders of the bonds. And this action was thereupon commenced to obtain a judgment for the removal of the Trust Company as trustee under this mortgage, and for the appointment of another trustee to maintain and enforce the trusts created by its provisions. The complaint in the action prayed for the issuing of an injunction in the meantime restraining the Trust Company, its officers, agents, attorneys and servants, from proceeding in any way in the foreclosure action, and from executing the judgment or decree which had been entered, or taking any other steps or proceedings as trustee under the trust deed. And the court, considering these facts to have been established by the proofs produced in the case, continued the injunction which had previously been issued having this effect, but leaving the Trust Company at liberty to take such defensive measures, or receive such sums of money as should be necessary for the protection of the rights of the holders of the bonds.

In support of the appeal which has been taken from this order, the objection has been urged that the court is without jurisdiction to restrain the trustee from carrying on or consummating these proceedings in the District Court of Otoe county, in the State of Nebraska. And the case of *Cole* v. *Cunningham* (133 U. S., 107), and those cited in the course of the opinion, have been relied upon chiefly as authorities maintaining this objection. But neither that case, nor anything which was decided in *Phelps* v. *McDonald* (99 U. S., 298), has any tendency to sustain this objection. On the contrary, it is conceded, as it has frequently been held, where a necessity for the injunction appears to exist, that the courts of one State may enjoin the party within its jurisdiction from proceeding in an action pending in another State. And so it has been held, not only in this State but in others, as the authorities collated and discussed in *Cole* v. *Cunningham* clearly prove and establish. So far as objection has been taken to the jurisdiction of this court over this action, it is plainly without support. Neither can the action be defeated for the reason that all the owners of bonds secured by the mortgage are not made parties to it. For it has been brought by the plaintiffs as the owners of eighty-five of the bonds, forming more than a majority of those secured by the mortgage. And they are prose-

cuting it under the authority of section 448 of the Code of Civil Procedure, not only for the benefit of themselves, but of the other bondholders who may elect to make themselves parties to the litigation. This section has provided where the question is one of common or general interest of many persons, or where the persons who might be made parties are very numerous, and it may be impracticable to bring them all before the court, that one or more may sue or defend for the benefit of all. And as the holders of these bonds are numerous, that is a sufficient authority for the support of the action by these plaintiffs for their own benefit, as well as that of the holders of the other bonds.

The action is against the Trust Company, which is a corporation formed under the laws of this State, and it is, therefore, directly subject to the jurisdiction and authority of this court. Indeed, there would seem to be no other authority provided for the removal of the trustee beyond that which the courts of this State are authorized to exercise, for it is directly within the reach only of the process of this court, and subject to any judgment which may be recovered against it in the action. And that is sufficient to answer all the requirements of jurisdiction on the part of the court. For no disability appears to exist on the part of the plaintiffs preventing the prosecution of the action by them, even though a portion of them, as the affidavits show the fact to be, are not residents of the State of New York. The defendant is here, and if an equitable right exists for its removal, the plaintiffs are entitled to enforce that right through the instrumentality of this jurisdiction.

That the Water Company of Nebraska City may not be brought into the action by any proceeding which has been provided for the service of the summons upon a resident of another State will not necessarily defeat the action, for that company has no direct interest in the controversy existing between these bondholders and this trustee. It is not proposed, and could not be, to remove the trustee on account of any misconduct on the part of the Nebraska City Water Company, but the action has been brought for its removal, because of its own misconduct in consenting to the charge of this sum of $25,000 as a superior lien upon the property covered by the mortgage, when, under the authority of the law, the City Water and Light Company was entitled to no such advantage. The

ground of the action is the alleged misconduct of the Trust Company itself, and no injury whatever can result to the Nebraska City Water Company from the removal of the Trust Company, as trustee under this mortgage; and, for that reason, if jurisdiction shall be incapable of being acquired over that company, this failure does not appear to constitute a defense to the action. But as to that no definite decision is required to be made, for the company may still appear and make itself a party to this litigation. But if it does not, then the question will for the first time arise whether the action can be maintained without that company becoming a party.

That the consent should not have been given, by which the expenses of improvements upon the mortgaged property were made a superior lien to the first incumbrance, appears to be reasonably well supported by the authorities, for they sustain the rule to be, where a mortgage has been given upon real estate, that improvements, or fixtures or machinery, afterwards added to or affixed upon the property, become subordinated to the preceding mortgage, and are liable for the payment of the mortgaged debt the same as the property to which the articles are afterwards annexed. This principle is settled by the following as well as other authorities: *Smith* v. *Goodwin* (2 Greenl., 173); *Frankland* v. *Moulton* (5 Wis., 1); *Winslow* v. *Merchants' Insurance Co.* (4 Metc., 306); *Pettengill* v. *Evans* (5 N. H., 54); *Butler* v. *Page* (7 Metc., 40); and in *Snedeker* v. *Warring* (2 Kernan, 170, 174), where it was said in the opinion that "permanent erections and other improvements made by the mortgagor, on the land mortgaged, become a part of the realty and are covered by the mortgage." And the same rule is equally as applicable where the improvements and erections shall be made by a party acquiring title under the mortgagor subsequent to the mortgage. And to the same effect is *McFadden* v. *Van Buren* (50 Hun, 361). And this principle has also been applied to growing crops upon land mortgaged, as will be seen by 1 Hilliard on Mortgages ([3d ed.] 180, note C.)

If the Trust Company authorized its attorney and counsel to consent to the subordination of the lien of the mortgage to the expenditures alleged to have been made upon the mortgaged property, then, certainly, it is chargeable with that degree of misconduct which may properly result in its removal. (*People* **v.**

*Norton*, 5 Seld., 176; *Quackenboss* v. *Southwick*, 41 N. Y., 117.) And that this consent resulted from its preceding authority, or subsequent acquiescence, may be inferred from the papers in the case exhibiting what has taken place and the refusal of the Trust Company to permit any person representing these plaintiffs from intervening for their own protection in the foreclosure action.

The inability of this court to appoint another trustee under the mortgage, in case the Trust Company shall be removed, will not defeat the action, for, by the eighth paragraph of the mortgage it has been provided that a majority in number and value of the bond-holders may, by an instrument in writing, under their hands, duly acknowledged or proved, and recorded in Otoe county, appoint or select one or more person or persons, or any other corporation, to be a trustee under the mortgage in case of the removal of this Trust Company. This provision secures ample authority to the bond-holders to select a trustee to execute and enforce the trusts and obligations created by the mortgage if this Trust Company shall be removed by the judgment of this court from its position. And that, certainly, tends to restrict this-litigation to the determination whether the trustee shall or shall not be removed from its office under the mortgage. And to that extent there seems to be no well-founded objection to the jurisdiction or authority of this court.

The order from which the appeal has been taken should, therefore, be affirmed, with ten dollars costs and the disbursements.

Van Brunt, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.