PHILIP BECKER, Respondent, *v.* THE TOWN OF CHERRY CREEK, Appellant.

*Place of trial — action to recover the amount due upon town bonds issued in aid of a railroad.*

An action brought against a town to recover the amount due upon its town bonds, alleged to have been duly issued pursuant to the statute in aid of a railroad, is not an action to establish a lien on the real property of the town and for that reason a local action within the provision of section 892 of the Code of Civil Procedure which requires an action brought to establish a lien on real property to be tried in the county in which the subject of the action is situated:

APPEAL by the defendant, the town of Cherry Creek, from an order of the Supreme Court made at the Erie Special Term and entered in the office of the clerk of Erie county on the 13th day of

December, 1892, denying the defendant's motion to change the place of trial of the action from Erie county to Chautauqua county.

The action was brought in Erie county. The defendant town is situate within the county of Chautauqua. The town bonds in suit were issued under chapter 907 of the Laws of 1869, entitled " An act to amend an act entitled ' An act to authorize the formation of railroad corporations and regulate the same,' passed April 2, 1850, so as to permit municipal corporations to aid in the construction of railroads. After providing the manner in which the proceedings might be instituted, the act of 1869 directed certain notices to be given by the county judge, and then declared : " It shall be the duty of the said judge, at the time and place named in the said notice, to proceed and take proof as to the said allegations in said petition, and, if it shall appear satisfactory to him, that the said petitioner, or the said petitioners and such other taxpayers of said town as may then and there appear before him and express a desire to join as petitioners in such petition, do represent a majority of the taxpayers of said municipal corporation as shown by the last preceding tax list or assessment roll, and do represent a majority of the taxable property upon said list or roll, he shall so adjudge and determine, and cause the same to be entered of record. And such judgment and the record thereof shall have the same force and effect as other judgments and records in Courts of Record in this State."

The complaint alleged that proceedings were duly instituted by petition and notice pursuant to statute, and that thereupon " the county judge of Chautauqua county did determine and adjudge, that a majority of all the taxpayers of the town of Cherry Creek, taxed for and representing a majority of the taxable property upon said last assessment roll or tax list, who were taxed or assessed for property, not including those who were taxed for dogs or highway tax only upon the last preceding assessment roll or tax list of the town, had signed the petition or petitions aforesaid, which had been duly verified by one of said petitioners ; that due notice had been given of application thereon to him to appoint commissioners for said town of Cherry Creek to issue the bonds of said town for $44,000, according to law."

" That judgment to the effect aforesaid was duly entered in the clerk's office in Chautauqua county, on the 15th day of July, 1872."

*C. R. Lockwood*, for the appellant.

*Adelbert Moot*, for the respondent.

BRADLEY, J. :

The action was brought to recover the amount due upon 131 town bonds of the defendant alleged to have been duly issued pursuant to the statute in aid of the Buffalo and Jamestown Railroad Company in the year 1874.

The defendant, by its answer, puts in issue the allegations of the complaint in support of the validity of the bonds and of the right of the plaintiff to recover upon them.

The motion to change the place of trial from Erie to Chautauqua county was founded upon the contention on the part of the defendant that it was a local action within the provisions of section 982 of the Code of Civil Procedure, which provides that certain actions must be tried in the county in which the subject of the action or some part thereof is situated, and after mentioning some actions it includes "every other action to recover or procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real." It is urged that this action comes within that provision of the section, because by the statutory adjudication, if effectual and duly executed by the issue of town bonds, they became a charge upon the real property in the town. If they are such they became so when they were issued. The purpose of the action is to enforce the liability to pay which it is alleged the town assumed by the issue of the bonds pursuant to such adjudication. They, with a view to that purpose, are the subject of the action. It is an action at law to recover a sum of money upon a contract which the plaintiff alleges was duly entered into and by which the town undertook to pay the amount mentioned in the instruments known as its bonds. It is true that the trial may involve the consideration and determination of the question of the validity of the statutory adjudication pursuant to which the bonds were issued, and that if a recovery be had the amount of it, for the purposes of collection, will be chargeable upon the property, real and personal, in the town subject to taxation.

But the subject of the action is not the establishment of a lien

upon real property, although the effect of a recovery by the plaintiff would be founded upon the fact that the bonds were such by force of the adjudication of 1872, and the judgment representing such recovery would be the means through which the performance of the undertaking to pay may be enforced.

The object of the statutory adjudication was consummated when the bonds were issued for the purpose in view, and in the present action it and the proceedings upon which it was founded, are facts bearing upon the question of authority to issue them, which authority sought to be conferred or created for that purpose was effectual or not so, to give validity to the bonds which are the subject of the action in the sense applicable to that term. (*Knickerbocker Life Ins. Co.* v. *Clark*, 22 Hun, 506 ; *Hogg* v. *Mack*, 53 id. 463.)

The only question to be tried and determined upon the issues made by the pleadings is whether or not the bonds were pursuant to the statute duly issued as such and are valid obligations of the defendant, and the fact that the authority to issue them was dependent upon the preliminary proceedings, including the statutory adjudication, may within the issues be contested, is not important for the purposes of the question presented upon the motion.

The order should be affirmed.

DWIGHT, P. J., concurred ; LEWIS and HAIGHT, JJ., not sitting.

Order appealed from affirmed, with ten dollars costs and disbursements.