PHILIP BECKER, Respondent, *v.* THE TOWN OF CHERRY CREEK, Appellant.

*Motion to change the venue — denied for laches.*

Where a motion was made, over one year after the joining of issue in an action, to change the place of trial thereof for the convenience of witnesses, the defendant is chargeable with *laches*, and the motion is properly denied, and the fact that a whole year was consumed in fruitless attempts to change the venue upon other grounds is no excuse for the delay in making such motion.

APPEAL by the defendant, The Town of Cherry Creek, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 28th day of November, 1893, denying the defendant's motion to change the place of trial for the convenience of witnesses.

*C. R. Lockwood,* for the appellant.

*Albert Moot,* for the respondent.

HAIGHT, J.:

This action was brought August 12, 1892, and issue was joined November 12, 1892. The case was first noticed for trial by the plaintiff, and put upon the calendar for the Erie November Circuit. Thereupon a motion was made by the defendant to change the venue to Chautauqua county on the ground that that was the proper county for the trial of the action. This motion was denied. The case was then again noticed for trial by the plaintiff and placed upon the calendar for the February Circuit. An appeal was then taken to the General Term from the order denying the motion for a change of venue and a stay of proceedings was obtained pending such appeal. At the June General Term the order was affirmed and the case was again noticed for trial by the plaintiff for the September term, but the notice was returned and an appeal was taken from the order of the General Term to the Court of Appeals. In October the order was affirmed in that court and the case was again noticed by the plaintiff and placed upon the calendar for the Erie November Circuit. Thereupon motion was made to change the place of trial for the convenience of witnesses and the same was denied by the Erie Special Term November 27, 1893.

We are of the opinion that the defendant is chargeable with *laches* and that the motion was properly denied by the Special Term. It appears that over a year had elapsed since the joining of issue when this motion was noticed for hearing. Rule 47 provides that "No order to stay proceedings for the purpose of moving to change the place of trial shall be granted unless it shall appear from the papers that the defendant has used due diligence in preparing the motion for the earliest practical day after issue joined."

In *Moreland* v. *Sanford & Clark* (1 Den. 660) the motion was to change the venue from Tompkins to Montgomery county for the convenience of witnesses. BEARDSLEY, J., in delivering the opinion of the court, says: "This motion is too late. It should have been made at the April or June Special Term. Had it been made at either of those terms and denied, the plaintiff might have noticed the cause for trial at the late August Circuit in Tompkins,

which he was precluded from doing by the order to stay proceedings for this motion made in June. The plaintiff has thus been delayed by the unexcused neglect of the defendants. * * * A party sued is bound at his peril to move for a change of venue at the earliest practicable day, if his delay to a later period may have the effect of carrying the plaintiff over a Circuit in the county where the venue is laid."

In *Darragh* v. *McKim* (2 Hun, 337) DANIELS, J., says : " The issue in this action was joined on the 20th of September, 1873, and the order to show cause why the action should not be removed into this court and the place of trial changed was not made until the 8th day of August, 1874. During that interval it was noticed for trial and placed on the calendar of the Superior Court, and two Circuits have been held in the county of Queens, to which the defendant applied to have the place of trial changed. This delay, together with the loss of these two Circuits, at which this action could probably have been tried if the motion had been promptly noticed and a change made, constitutes sufficient reason for its denial." (See, also, *Anon*, 18 Wend. 514; *Garlock* v. *Dunkle*, 22 id. 615 ; 4 Hill, 63, note.)

The delay in this case in making the motion is greater than that in any of the above-reported cases. In the meantime three Circuits have been held in Chautauqua county, at which the case might have been tried had the motion been promptly noticed and the order granted.

The fact that a whole year has been consumed in a fruitless attempt to change the venue upon other grounds is no excuse for the delay in making this motion.

It is claimed on behalf of the respondent that the testimony of the witnesses for whose convenience the change is asked is immaterial upon the authority of *Franklin County* v. *German Savings Bank* (142 U. S. 93) and *Williamsburgh Savings Bank* v. *The Town of Solon* (136 N. Y. 465). Possibly this is so, but we prefer not to determine the question at this time.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., and BRADLEY, J., concurred; LEWIS, J., not sitting.

Order appealed from affirmed, with ten dollars costs and disbursements.