(8 Misc. Rep. 236.)

### PAGET et al. v. STEVENS et al.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

1. COURTS OF COMMON PLEAS—JURISDICTION OF NONRESIDENTS.

The court of common pleas for the city and county of New York has jurisdiction of an action brought by a resident of the city of New York against a nonresident of the state, to remove him from the office of tes-

tamentary trustee, and to make an order for substituted service by publication, when real estate subject to the trust is situated in said city. Pryor, J., dissenting.

2. SAME—WHERE CAUSE OF ACTION ARISES.
   In such a case, the cause of action being the detriment to the trust property, the cause of action arose in the city of New York, where part of the real property is situated. Pryor, J., dissenting.

3. SAME—ACTION BY RESIDENT.
   Where one of the plaintiffs is a resident of the city of New York, and a coplaintiff, having a common but not a joint interest, joins as plaintiff, although a nonresident, the action is one brought by a resident of the city. Pryor, J., dissenting.

(Syllabus by the Court.)

Appeal from special term.

Action by Mary Fiske Paget and Marietta R. Stevens against Charles G. Stevens, as trustee, etc., and another. From an order denying a motion to vacate an order for the publication of the summons, defendant Stevens appeals. Reversed.

Argued before DALY, C. J., and PRYOR and GIEGERICH, JJ.

Burrill, Zabriskie & Burrill (George Zabriskie, of counsel), for appellant.

Hoadly, Lauterbach & Johnson (George Hoadly and John Vernon Bouvier, of counsel), for respondents.

DALY, C. J. The action was brought to remove the defendant, Charles G. Stevens, from his office as trustee under the will of Paran Stevens, deceased, which was admitted to probate by the surrogate of New York county on May 31, 1872. The deceased died seised of valuable real estate in the three states, namely, New York, Massachusetts, and Rhode Island (in the cities of New York, Boston, and Newport), respectively, and that which is situated in the city of New York is subject to certain trusts created by the will; one equal third part of the estate being devised to the widow, Marietta R. Stevens, to Charles G. Stevens, and to John L. Melcher, in trust for the testator's daughter, Mary F. Stevens, now Mary F. Paget. Marietta R. Stevens and Mary F. Paget are the plaintiffs herein, and Charles G. Stevens and John L. Melcher are defendants. Mrs. Stevens is a resident of the city of New York, Mrs. Paget resides in England, and Charles G. Stevens is a resident of Boston, Mass. The last-named defendant questions the jurisdiction of the court in this action, and its power to order substituted service of the summons upon him by publication.

If the contention of the defendant be correct, then it would seem that the courts of this state are powerless to interfere for the protection of the trust estate, which includes a large body of real property within their jurisdiction, so long as any of the trustees remain out of the state, so that personal service therein of the summons in an action cannot be made upon such nonresident; and it would also seem that, so long as the trustees reside in different states, it would be impossible to find any court having jurisdiction to reach them, no matter what interference might be necessary for the enforcement of the trust, and the protection of the interests

of the beneficiaries. With respect, however, to this state, we believe that its laws have provided against such a signal failure of justice, and that the situation of a part of the trust property within its borders confers upon its courts jurisdiction of any action based upon the conduct of a trustee in the performance of his duties; and, with respect to the court of common pleas for the city and county of New York, the situation of the real property, which is the subject of the trust, within that city, gives it the same jurisdiction. The superior city courts of this state have jurisdiction of any action to procure a judgment determining, annulling, or otherwise affecting, an estate, title, or other interest in real property which is situated within the city where the court is located; and to an action for any other cause, where the cause of action arose within that city; and to an action for any cause brought by a resident of the city wherein the court is located against a natural person who is not a resident of the state. Code, § 263, subds. 1, 2, 6. If the plaintiffs succeed in this action, and Charles G. Stevens is removed as trustee, the estate devised to him by the testator, as one of the trustees under the will, is determined or ended, and he will be divested of his title thereto. So that the case is brought directly within the provisions of the Code, as one in which a judgment is sought which determines or otherwise affects an estate, title, or interest in real property; and this is not a mere result or consequence of the judgment, but is the very object of the action. The cause of action arose in New York city, the trust property being there situated. The cause of action—which must not be confounded with the object of the action, and which is the detriment to the trust property which may ensue from the breach of the trustee's duty, arises where the property affected is situated. The subject of the action is the trust property, and the subject or cause of action is its preservation and management. Garner v. Thorn, 56 How. Pr. 452. It is not necessary, in order to confer jurisdiction, that all the trust property should be within the particular city or state; for, if that were so, then it might result that no court could interfere to control a trustee, where the trust property was situated in different jurisdictions. The test of jurisdiction is, can the judgment be enforced in this state? That it can be, where the judgment removes the trustee from the present or future control of trust property within the state, there is no doubt. Tested by the reasoning in Bryan v. Publishing Co., 112 N. Y. 387, 19 N. E. 825, our courts have jurisdiction of the action, for the judgment would not be one which "would operate on nothing in the state, and be regarded by nobody out of it." As I understand the argument in that case, if the wrongful acts of the trustee were committed in Massachusetts, but the property affected by them in this state, the courts here would have jurisdiction of the subject of the action. In that view, this cannot be regarded, in any sense, as a personal action against Charles G. Stevens; for, although his acts are urged as ground for relief, the relief demanded is not a money judgment, as in McKinney v. Collins, 88 N. Y. 216, nor affecting a personal relation, as in Jones v. Jones, 108 N. Y. 424, 15 N. E. 707, but affecting the management, control, and

disposition, as well as title and estate, of real property within the jurisdiction.

The cases which it is assumed hold a contrary view differ in character from that before us. They concern chiefly the construction of a section of the Code relating to the place of trial of actions of the character specified in section 263 (Code, § 982); and it was held that an action to compel the cancellation of a satisfaction piece of a judgment did not affect a lien upon real estate in a particular county, because the judgment affected the real and personal property of the judgment debtor generally (Insurance Co. v. Clark, 22 Hun, 506); also, that an action to compel the assignment of a mortgage was not of that character, because the mortgage continued to be a lien upon the property, no matter to whom it was transferred (Bank v. Blake, 43 Hun, 162). And so with regard to an action merely to recover the money due upon town bonds, although they were a lien upon real property in the county. Becker v. Town of Cherry Creek, 70 Hun, 6, 24 N. Y. Supp. 19. In Gibson v. Trust Co., 58 Hun, 446, 12 N. Y. Supp. 444, it was held that the court had jurisdiction of an action to remove a trustee who resided, and was served with process, within the state, though the trust property was situated in another state. But this decision in no wise questioned the right of the tribunals where the property was situated to entertain an action for the same purpose.

The special jurisdiction of the court of common pleas, as a superior city court, also attaches by reason of the residence of the plaintiff Mrs. Stevens in the city of New York. Code, § 263, subd. 6, above. The fact that Mrs. Paget, the cestui que trust, who is a nonresident, is joined with her, does not oust the court of jurisdiction acquired by the fact of her residence in the city. The two plaintiffs are not jointly interested. Their interest is common, but not joint; and Mrs. Paget is not a necessary party plaintiff. She might have been made a defendant; and if she voluntarily appeared, and submitted her rights, she would have given the court jurisdiction. The fact that she voluntarily comes in as plaintiff in company with a resident plaintiff cannot have a contrary effect, and go even further, i. e. to destroy the jurisdiction which the court acquires by reason of the coplaintiff's residence.

The court having jurisdiction of the cause of action, as appears from the papers (Code, § 435), an order of publication was properly granted, the proof showing that the defendant to be served was a nonresident of the state, and that a cause of action exists, affecting the title to real property within the state (Code, § 438, subds. 1, 5); and the special term properly denied the motion of the defendant to vacate the order of publication. Order appealed from affirmed, with costs and disbursements.

GIEGERICH, J., concurs.

PRYOR, J. (dissenting). In an action to remove defendant from the position of testamentary trustee of local and foreign property under a domestic will, an order for service of summons upon him by

publication was issued, on the ground of his nonresidence. The appeal is from the denial of a motion to vacate that order. Conceding that, unless the court has jurisdiction of the subject of the action, the order cannot stand (Bryan v. Publishing Co., 112 N. Y. 382, 386, 19 N. E. 825), the learned judge at special term asserted cognizance of the cause as "affecting an estate, right, title, lien or other interest in real property" situate within the city of New York. Code Civ. Proc. § 263, subd. 1. As I conceive it, such is not the case. The subject of the action is the duty of defendant as trustee, and the cause of action is the breach of that duty. McKinney v. Collins, 88 N. Y. 216, 221. Hence, the action is not local, but transitory. Marshall, C. J., in Massie v. Watts, 6 Cranch, 148, 158. The sole issue in controversy is the personal fitness of defendant to discharge the trust. If he be fit, he will be retained; if unfit, he will be removed. But, whether he be retained or removed, the estate of which he is trustee will be equally and alike unaffected as to right, title, and interest. Upon the trial no question can be raised as to such right, title, or interest; and no judgment can be pronounced upon such right, title, or interest. True, judgment of removal would require him to convey to his successor. Still, such judgment would not, in the sense of the statute, affect the estate, but only change the person in whom the title should reside. Insurance Co. v. Clark, 22 Hun, 506; Bank v. Blake, 43 Hun, 162; Becker v. Town of Cherry Creek, 70 Hun, 6, 24 N. Y. Supp. 19; Gibson v. Trust Co., 58 Hun, 443, 447, 12 N. Y. Supp. 444; Remer v. McKay, 54 Fed. 432, 35 Fed. 88.

Neither can jurisdiction for this court be claimed on the ground that the cause of action arose in the city of New York. Code, § 263, subd. 2. The cause of action is the violation of his trust by the defendant; and that violation is alleged to be his hostile attitude towards his cotrustee, resident in New York, while he resides in Massachusetts, and part of the trust property is there situate. Obviously, the animosity against the cotrustee imputed to him, and the manifestation of that ill feeling, must be in the place of his personal presence,—Massachusetts.

Nor yet has the court jurisdiction because the action is by a resident of the city against a nonresident. Code, § 263, subd. 6. One of the plaintiffs is a resident of England, and the joinder of that party necessarily defeats jurisdiction. An action by a resident and nonresident, jointly, is not the action by a resident, simply, of which the Code gives jurisdiction. Walsh v. Railroad Co., 6 Fed. 797.

Mindful of the principle on which substituted service of summons on nonresidents proceeds, I cannot hesitate to declare the case not to be within the policy and purview of the statutory provisions. "Substituted service by publication, or in any other authorized form, may be sufficient to apprise parties of the object of proceedings, where property is once brought under the control of the court by seizure, or some equivalent act. Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the state, or of some interest therein, by enforcing a contract or lien respecting the same, or to partition it among differ-

ent owners, or, when the public is a party, to condemn and appropriate it to a public purpose. In other words, such service may answer in all actions which are substantially proceedings in rem. But where the entire object of the action is to determine the personal rights and obligations of the defendants,—that is, where the suit is merely in personam,—constructive service in this form upon a nonresident is ineffectual for any purpose." Pennoyer v. Neff, 95 U. S. 714, 727; Jones v. Jones, 108 N. Y. 415, 424, 15 N. E. 707; McKinney v. Collins, 88 N. Y. 216, 224. Here, indisputably, the action is in personam,—to determine the right of defendant to continue as trustee, and to exercise the privileges and enjoy the profits of the position. The relation of trustee "is not a res within the state of the party invoking the jurisdiction of a court to dissolve it, so as to authorize the court to bind the absent party, a citizen of another jurisdiction, by substituted service or actual notice of the proceeding, given without the jurisdiction of the court where the proceeding is pending." Jones v. Jones, 108 N. Y. 424, 15 N. E. 707. The conclusion is that the court was without power to make the order of publication. Order denying motion to vacate order should be reversed, and order of publication vacated and set aside, with costs and disbursements.