THOMAS EGENTON HOGG, RESPONDENT, *v.* JOHN MACK, APPELLANT.

*Action to recover damages for the breach of a contract to convey real estate — the venue need not be laid in the county where the real estate is situated — Code of Civil Procedure, sec. 982.*

In an action, brought to recover the sum of $500, which the plaintiff had paid to the defendant under a written agreement, under seal, whereby the defendant agreed to sell to the plaintiff certain lands situated in Rockland county, in the State of New York, for the sum of $11,500, and upon receiving that sum to execute and deliver to the plaintiff a warranty deed conveying said premises in fee simple, free from all incumbrances, the complaint alleged a default on the part of the defendant on the ground that he could not at the time named, or at the time of the commencement of the action, convey a good title to the premises in question, free from all incumbrance, and demanded, in addition to said sum of $500, the payment of $300 expended in examining the title.

The defendant contended that the complaint brought the case within the terms of section 982 of the Code of Civil Procedure, requiring actions to recover or procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property, or a chattel real, to be brought in the county in which the subject of the action, or some part thereof, is situated.

*Held*, that the mere fact that a question of the title to real estate might have to be passed upon in a suit, did not make it imperative that the case should be tried in the county where the land was situated.

That the section did not apply to an action at law to recover damages for the breach of a contract, although that contract related to real property and the breach was alleged to be due to the inability of the defendant to give to the plaintiff a good title.

*Kearr* v. *Bartlett* (47 Hun, 245) distinguished

APPEAL from an order, made at a Special Term held in the county of New York, which was entered in the office of the clerk of the county of New York on the 22d day of January, 1889, denying a motion made by the defendant to change the venue or place of trial of this action to Rockland county.

*Anderson Price*, for the appellant.

*P. H. Vernon*, for the respondent.

BARTLETT, J.:

The complaint in this action alleges that, on or about July 31, 1888, the plaintiff and the defendant entered into a written agree-

ment, under seal, whereby the defendant agreed, to sell to the plaintiff certain lands situated in Rockland county, in this State, for the sum of $11,500, upon receiving payment of which sum he would execute, acknowledge and deliver to the plaintiff or his assigns, in the city of New York, on September 29, 1888, a warranty deed conveying the said premises in fee simple, free from all incumbrances. The complaint further alleges that on the execution of the agreement the plaintiff paid the defendant $500 in part payment for the premises, and immediately thereafter employed an attorney to examine the title, and has become liable to pay said attorney $300 for his services and disbursements in connection with such examination; that on September 29, 1888, the plaintiff was ready and willing to fulfill the agreement, and that he has duly performed all the conditions thereof on his part, but that the defendant could not then, and cannot now, convey a good title to said premises, free from all incumbrance, and did not make a good title thereto pursuant to his agreement; and that, on the contrary, the said title was, and still is, subject to various defects and incumbrances, which were well known to the defendant, but were not known to the plaintiff, and some of which are set out in the complaint. Finally, the complaint alleges a demand for the return of the $500 which the plaintiff paid the defendant on executing the agreement, and for payment of the $300 expended in examining the title, and prays judgment for the aggregate of $800, with interest. The defense in substance, is that the defendant had a good title and was ready to convey it to the plaintiff.

The defendant contends that the complaint brings the case directly within the terms of section 982 of the Code of Civil Procedure. That section provides that certain actions must be tried in the county in which the subject of the action or some part thereof is situated, and after mentioning various actions relating to real property, including suits for ejectment, partition, dower, waste and the foreclosure of mortgages, it specifies " every other action to recover or to procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real." The argument of the defendant is that, inasmuch as the plaintiff cannot prevail without showing that the defendant's title to the premises

was defective, the action is one to procure a judgment affecting a title in real estate, and hence falls within the purview of the section cited. But the mere fact that a question of the title to real estate may have to be passed upon in a suit does not make it imperative that the case should be tried in the county where the land is situated. The portion of section 982 of the Code, which has been quoted, appears to relate to two classes of suits, and two only — first, actions to *recover* an estate, right, title, lien or other interest in real property or a chattel real; and, secondly, actions to *procure a judgment* affecting such an estate, right, title, lien or other interest. It is plain that the case at bar is not a suit to recover anything but money. Therefore, it cannot belong to the former class; but the appellant would place it in the latter. In endeavoring to do this he overlooks the significance of the phrase " to procure a judgment," which must not be disregarded in determining what is the true meaning of the clause in which it occurs. That expression indicates that the actions to which it refers are only those in which the judgment which is sought is one that by its very terms, or by reason of its form and by virtue of the express provisions therein contained, will affect the title to real property or some interest therein. It does not apply to an action at law to recover damages for the breach of a contract, although that contract relates to real property, and the breach is alleged to be due to the inability of the defendant to give the plaintiff a good title; for in such a case the judgment which the plaintiff seeks to procure is a simple money judgment, and by no means a judgment in form affecting the title to real property.

The case of *Kearr* v. *Bartlett* (47 Hun, 245), is not an authority for the appellant, inasmuch as that was an action " to procure a judgment directing a conveyance of real property," by way of exchange, and, therefore, the suit came directly within the express terms of the section, while the case at bar does not fall either within its letter or its spirit.

Upon the argument the counsel for the appellant, in effect, abandoned the ground that the venue ought to be changed on account of the convenience of witnesses, and, therefore, the only question which has been considered is whether the defendant is entitled to have the case tried in Rockland as being the proper county.

We are of the opinion that he is not; and the order should, therefore, be affirmed, with costs and disbursements.

VAN BRUNT, P. J., and MACOMBER, J., concurred.

Order affirmed, with costs and disbursements.