OAKES *v.* DE LANCEY.

(*Supreme Court, General Term, First Department.*    December 29, 1890.)

VENUE—ACTION CONCERNING REAL PROPERTY.

An action by a purchaser of land against his vendor on an agreement by the latter that the purchaser may recover so much of the price paid as represents a deficiency in the amount of the land is not an action for the determination of a claim to real

property, or to procure a judgment affecting the title to real property, within Code Civil Proc. § 982, providing that such an action must be tried within the county where the subject of the action is situated.

Appeal from special term, New York county.

Action by Thomas F. Oakes against Edward F. De Lancey. Defendant appeals from an order denying his motion to change the place of trial. Code Civil Proc. N. Y. § 982, provides: "Each of the following actions must be tried in the county in which the subject of the action, or some part thereof, is situated: An action of ejectment * * * to compel the determination of a claim to real property, * * * and every other action to recover, or to procure a judgment establishing, determining, defining, forfeiting, annulling, or otherwise affecting, an estate, right, title, lien, or other interest in real property."

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Martin J. Keogh,* for appellant. *Holmes & Adams, (Artemas H. Holmes,* of counsel,) for respondent.

BARRETT, J. The defendant moved to change the place of trial to Westchester county, upon the ground that the action was to compel the determination of the claim to real property, within the meaning of section 982 of the Code. The motion was denied, and we think properly, upon the ground that there was nothing in the complaint warranting the defendant's contention. The complaint sets out an agreement for the sale of land in Westchester county at a certain price per acre. After the making of this agreement, the plaintiff says he discovered that the premises did not contain as many acres as the defendant claimed. Upon this there was a dispute at the time appointed for closing the transaction, and thereupon it was agreed that the plaintiff should pay the whole purchase money on the basis of the total acreage contracted for, with the right, however, to recover back by action so much of the purchase price as should represent the actual shortage. Such shortage is then set forth, and for the amount thereof the plaintiff demands judgment. There is not a word in the complaint with regard to the title. The *gravamen* is that the premises contain but 18 acres and a fraction of an acre, when the bargain was for 22 acres and a fraction. The plaintiff concedes that, under these issues, he must, in order to succeed, establish that the premises described in the complaint and in the deed contain 18 acres and a fraction of an acre, and no more. The defendant, however, attempts to go outside of the pleadings, and to show by extrinsic proof that the real dispute is with regard to the title to the land under water. But he cannot do this. The complaint must govern, (*Insurance Co.* v. *Clark,* 22 Hun, 506,) and the court, on a motion of this character, cannot accept affidavits negativing the plaintiff's assumed position, and maintaining that his real cause of action is something different from that which he has set forth in his pleading. If, however, the title were incidentally involved, it by no means follows that the place of trial should be changed. Even upon the extrinsic proof sought to be injected into the case, the action is not to procure a judgment affecting the title to real property, but to recover money agreed to be returned in case the title to such real property is not in the defendant. It was expressly held in *Hogg* v. *Mack,* 6 N. Y. Supp. 301, that the section in question (section 982) does not apply to an action at law to recover damages for the breach of a contract, although that contract relates to real property, and the breach is alleged to be due to the inability of the defendant to give the plaintiff a good title.

The point is also made upon the appeal that the defendant resides in Westchester county, and that the plaintiff is not a resident of this city. This point was not considered at special term, probably because it was unsupported by proof, and possibly because, as suggested upon the argument, it was not there taken. The only affidavit with regard to the plaintiff's non-residence is that

of the attorney's clerk, and it is in these words: "Deponent further says, upon information and belief, that the plaintiff, Thomas F. Oakes, is not a resident of the city and county of New York." It was said in *Mowry* v. *Sanborn*, 65 N. Y. 584, that "it may, as a general rule, be safely affirmed that, in the sense of the law, a general assertion of a fact in an affidavit upon information and belief proves nothing." We think, under the circumstances, that the clerk's affidavit comes within this general rule. The order appealed from was right, and should be affirmed, with costs. All concur.