MAIER v. REBSTOCK.

(Supreme Court, Appellate Division, Fourth Department.　January 14, 1902.)

PLACE OF TRIAL—ACTION CONCERNING REAL ESTATE.

 An action by a purchaser of land against his vendor on an agreement that if the former could not, at the end of three years, sell the property for a certain sum, the latter would accept a reconveyance, and repay the purchase price and expenses incurred, is not an action to determine a claim affecting real estate, or to procure a judgment directing a conveyance of real property, within Code Civ. Proc. § 982, providing that such an action must be tried in the county where the real estate is situated.

 Appeal from special term, Monroe county.

 Action by Charles W. Maier against Joseph H. Rebstock. From an order which changed the place of trial of the above-entitled action from the county of Seneca, where it was brought, to the county of Erie, with $10 costs of motion, upon the ground that the action was brought to procure a judgment annulling a contract affecting an interest in real property situate in the county of Erie, and that, therefore, under section 982 of the Code of Civil Procedure, Erie was the proper county in which to try such action, plaintiff appeals. Reversed.

 Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

 W. S. McDonald, for appellant.

 Arthur W. Hickman, for respondent.

 McLENNAN, J.　In the complaint it is alleged, in substance, that on and prior to January 10, 1893, the defendant was the owner of certain premises situate in the city of Buffalo, and described in the complaint; that on that day, by warranty deed, the defendant conveyed the same to the plaintiff for the sum of $720, upon the express agreement upon the part of the defendant that, if the plaintiff should be unable to sell the property at the end of three years at an advance sufficient to cover the purchase price and 6 per cent. interest thereon and the necessary expenses incurred in respect to such real property, the defendant would take the property back, and repay to the plaintiff the purchase price, together with 6 per cent. interest and all other expenses incurred in connection with the property; that the plaintiff at the end of said three years in good faith tried to sell the property for such sum, but was unable to do so, and thereupon tendered to the defendant a reconveyance of the premises, and demanded the moneys so paid out by him; that the plaintiff had paid out for taxes on said property certain sums, and necessarily incurred other expenses, all of which are specified. Judgment is demanded for the purchase price paid, together with the expenses so necessarily incurred by the plaintiff, with interest thereon.

 The action is one at law.　No equitable relief is demanded, and none could be awarded.　The title to real property can be in no manner affected by any judgment which may be properly rendered

73 N.Y.S.—52

in this action, and such judgment can in no manner affect any interest in the real property mentioned in the complaint. It is not an action "to procure a judgment directing a conveyance of real property, * * * [or] establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title or other interest in real property or a chattel real." Code Civ. Proc. § 982. If the plaintiff shall succeed in the action, judgment for a sum of money only can be awarded to him. Such judgment cannot properly contain any provision or direction respecting the real property described in the complaint or any interest therein. It is immaterial to the plaintiff whether or not the defendant accepts a reconveyance of the property, and the judgment which may be awarded cannot compel such transfer. One of the steps essential to entitle the plaintiff to the judgment asked for is a tender of a reconveyance, and undoubtedly such tender must be kept good, but whether it shall be accepted or not is entirely optional with the defendant. In Hogg v. Mack, 53 Hun, 463, 6 N. Y. Supp. 301, it was held that the mere fact that a question as to the title to real estate might have to be passed upon in suit did not make it imperative that the case should be tried in the county where the land was situated. In the case at bar there is no question of title even to be passed upon. In the case of Hogg v. Mack, supra, it was further held that the section (982) did not apply to an action at law to recover damages for a breach of the contract, although that contract related to real property. Becker v. Town of Cherry Creek, 70 Hun, 6, 24 N. Y. Supp. 19.

The conclusion is reached that the cause of action alleged in the complaint is not one of those specified in section 982 of the Code of Civil Procedure, and that, therefore, Seneca county, where the plaintiff resided, was the proper county in which to bring the action. It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concurred.