EUGENE BARNES, Respondent, *v.* WILLIAM H. BARNHART, Appellant, Impleaded with FRANK V. MILLARD and Others, Defendants.

*Change of venue — an action to compel contribution towards the expenses of a real estate venture is not an action " to recover," etc., " real property" within section 982 of the Code of Civil Procedure.*

Upon a motion to change the place of trial of an action from the county of Westchester to the county of Erie, it appeared that the parties to the action had entered into a written agreement for the purchase and sale of lands in the city of Buffalo, Erie county, and for the division of the profits or losses among the parties in certain specified proportions; that the title to the lands purchased pursuant to the agreement was taken in the names of the plaintiff and the defendant Barnhart in trust for their benefit and that of their associates. The plaintiff alleged that the venture had resulted in loss of which he had contributed more than his proportionate share; that the defendants had not sustained their proportionate share of the loss and that Barnhart had mismanaged affairs. He demanded judgment for an accounting and for the sale of the real estate and the disposition of the proceeds according to the respective rights of the parties.

The defendant Barnhart interposed an answer asking that it be declared that the best interest of all the parties demanded that the property be held in trust as provided by the agreement until a profitable price could be obtained.

*Held,* that the action was not one " to recover, or to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting an estate, right, title, lien, or other interest, in real property, or a chattel real," within the meaning of section 982 of the Code of Civil Procedure, and that the defendant Barnhart was consequently not entitled, as a matter of right, to have the venue changed to Erie county.

APPEAL by the defendant, William H. Barnhart, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 19th day of November, 1904, denying the said defendant's motion to change the place of trial of the action from the county of Westchester to the county of Erie.

*Cyrus A. Bishop,* for the appellant.

*Henry C. Griffin,* for the respondent.

JENKS, J. :

The plaintiff's cause of action arises out of a written agreement for a business venture which resulted in the purchase of lands in the city of Buffalo, of which the title was taken in the names of the plaintiff and the defendant Barnhart, who held them in trust for their benefit and that of their associates. The plaintiff and said

defendant were to make sales from time to time and the profits were to be distributed in certain specified proportions. If the proceeds of the sales did not meet the fixed charges, taxes and expenses, then the parties were to bear them in proportion to their respective interests. The plaintiff brings this action against Barnhart and his associates, complaining that the venture has brought losses, that he has contributed more than his proportionate share to sustain it, that defendants have not met their respective burdens, and that Barnhart has mismanaged affairs. He demands judgment for an accounting and for a direction of sale and a disposition of the proceeds according to the respective rights.

The plaintiff laid the venue in Westchester county where he resides, and Barnhart moved to change the place of trial to Buffalo as a matter of right under section 982 of the Code of Civil Procedure. As the action is not one enumerated in that section, the appellant must depend upon the provision, " and every other action to recover, or to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting, an estate, right, title, lien, or other interest, in real property, or a chattel real." The defendant Barnhart, who alone appeals, confirms the agreement and by reason of his answer asks that it be decreed that the best interests of all parties demand that the property be held in trust as provided by that agreement until a price showing profits can be obtained, and that the parties keep the agreement and its covenants. To adopt the language of WILLARD BARTLETT, J., in *Hogg* v. *Mack* (53 Hun, 463), I do not think that " the judgment which is sought is one that by its very terms, or by reason of its form and by virtue of the express provisions therein contained, will affect the title to real property or some interest therein." The title is now determined by the acknowledged agreement, which none seeks to disturb. The relief sought is an accounting pursuant to the rights of the parties, based upon the agreement which specifically declares the title, and although the property is subject to the direction of the court for distribution, which would require a sale thereof, the title is not affected. (See *Simpson* v. *Simpson*, 41 App. Div. 449.)

The order should be affirmed.

HIRSCHBERG, P. J., WOODWARD, RICH and MILLER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.