BIRMINGHAM v. SQUIRES et al.

(Supreme Court, Appellate Division, First Department.   June 24, 1910.)

Venue (§ 5*)—Actions Affecting Realty—"Suit to Affect Title."

A suit to rescind an executed contract for the sale of land and to recover the consideration paid therefor is a suit to affect title by the cancellation of the contract and conveyance within Code Civ. Proc. § 982, providing that an action affecting title in real property must be tried in the county in which the subject of the action is situated, though a cancellation of the deed is not demanded, since there can be no recovery without a cancellation and a reconveyance.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4–11; Dec. Dig. § 5.*]

Appeal from Special Term, New York County.

Action by Thomas Birmingham against Charles A. Squires and another. From an order denying a motion to change the place of trial from the county of New York to the county of Suffolk, defendants appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Leslie A. Davis, for appellants.

T. Louis A. Britt, for respondent.

LAUGHLIN, J. This is a suit in equity to rescind an executed contract for the sale of land by the defendants to the plaintiff, and to recover the consideration paid on account of false representations affecting the location and value of the premises, which are in the county of Suffolk. The defendants demanded that the place of trial be changed to the county of Suffolk, on the ground that it is the proper county for the trial of the issues by virtue of the provisions of section 982 of the Code of Civil Procedure, which provides as follows:

"Each of the following actions must be tried in the county, in which the subject of action, or some part thereof is situated; an action of ejectment; for the partition of real property; for dower; to foreclose a mortgage upon real property, or upon a chattel real; to compel the determination of a claim to real property; for waste; for a nuisance; or to procure a judgment, directing a conveyance of real property; and every other action to recover or to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting, an estate, right, title, lien or other interest, in real property, or a chattel real. But where all the property, to which the action relates, is situated without the State, the action must be tried, as prescribed in section nine hundred eighty-four of this act."

It is contended in behalf of the respondent that the sole object of the action is to recover the consideration paid, and that the title to the land will be affected only incidentally, and that, therefore, the case does not fall within the provisions of the statute quoted. No case precisely in point is cited by counsel for either party. The respondent relies on Ely v. Lowenstein, No. 2, 9 Abb. Prac. (N. S.) 42, in which it was held at Special Term that an action to rescind a contract for the purchase of land on the ground of fraud did not fall within the provisions of the corresponding section of the Code of Procedure, but that case involved only the validity of the contract which had not been consummated by the execution of a conveyance of the premises. The cases of Hogg v. Mack, 53 Hun, 463, 6 N. Y. Supp. 301, Barnes v. Barnhart, 102 App. Div. 424, 92 N. Y. Supp. 459, and Maier v. Rebstock, 68 App. Div. 481, 73 N. Y. Supp. 817, are also cited in support of the order. Hogg v. Mack, supra, was an action at law to recover the down payment and expenses incurred in the examination of the title to premises which the defendant agreed to convey to the plaintiff. The question presented for decision was whether the title was defective. The judgment demanded would not affect a change in the title, and it was held that the case did not fall within this section. The court in that case say that it is not sufficient to bring the case within the provisions of the section quoted that a question relating to the title of real estate may have to be passed upon in the suit; that the action must be brought to recover "an estate, right, title, lien or other interest in real property or a chattel real," or "to procure a judgment affecting such an estate, right, title, lien or other interest"; that a judgment for money only would not be such a recovery; and that a judgment affecting such an estate or interest as it therein referred to is one in an action "in which the judgment which is sought is one that by its very terms, or by reason of its form and by virtue of the express provisions therein contained, will affect the title to real property or some interest therein." In Barnes v. Barnhart, supra, it was held that the fact that the judgment might require a sale and distribution

of the proceeds of real property, the title to which, however, was not in question, was not sufficient to bring the action within this section. Maier v. Rebstock, supra, was an action at law based on a contract of sale of real property to recover the purchase price according to the express provisions of the contract which contained a clause to the effect that, if the vendee should be unable to sell the property at the end of three years at a profit, the defendant would take the property back, and pay to the plaintiff the purchase price, together with interest and expenses. It was held that the judgment in the action "cannot properly contain any provision or direction respecting the real property described in the complaint, or any interest therein," and that it was immaterial to the plaintiff whether or not the defendant accepted a reconveyance. In the case at bar, however, there can be no recovery without a cancellation of the contract, and, although a cancellation of the deed is not demanded, without its cancellation in a reconveyance plaintiff will not be entitled to recover, and therefore the necessary effect of the judgment demanded is to effect a change of title by the cancellation of the contract and conveyance. We are of opinion, therefore, that the case falls within the provisions of this section, and that the motion should have been granted.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.