MICHAEL P. GRACE, II, Individually and as Trustee under the Will of JANET GRACE, Deceased, Respondent, *v.* DEEPDALE, INC., et al., Respondents, and GRACE PROPERTIES, INC., et al., Appellants, et al., Defendants.

CORINNE GRACE, as Guardian ad Litem for MICHAEL P. GRACE, JR., an Infant, Respondent, *v.* JOSEPH P. GRACE, JR., et al., as Trustees under the Will of JANET GRACE, Deceased, Respondents, and CHARLES M. GRACE, as Trustee under the Will of JANET GRACE, Deceased, Appellant, et al., Defendant.

First Department, March 26, 1957.

*William E. Hegarty* of counsel (*Lawrence J. McKay* and *Arthur Mermin* with him on the brief; *Cahill, Gordon, Reindel & Ohl,* attorneys), for appellants.

*Samuel D. Cohen* of counsel (*Albert Heit* with him on the brief; *Margulies & Heit,* attorneys), for Michael P. Grace, II, defendant-respondent.

*Charles Hayden* of counsel (*O'Dwyer & Bernstein,* attorneys), for Michael P. Grace, II, plaintiff-respondent.

*David M. Potts* of counsel (*Abraham Wilson* with him on the brief; *Kadel, Wilson & Potts,* attorneys), for Corinne Grace, respondent.

*Per Curiam.* Involved in this case are two actions, now consolidated, to rescind an executory contract for the sale of real property located in Nassau County. In an independent proceeding, arising in incompetency proceedings brought in Nassau County, the contract has been approved (*Matter of Grace,* 2 A D 2d 222, affd. 2 N Y 2d 822). Special Term refused to place the venue in Nassau County, although one of the two actions had been brought in that county, on the ground that, since the contract was, in part, executory, the judgment which might be entered would not affect title to real property, thus requiring such venue (Civ. Prac. Act, § 183, subd. 9).

A contract for the sale of real property, insofar as it passes an equitable interest to the vendee, would seem to affect the title to real property. The cases, of course, have always distinguished between actions involving title to real property and those affecting title to real property (*Nassau Hotel Co.* v. *Barnett,* 164 App. Div. 203, 205; *Hogg* v. *Mack,* 53 Hun 463). While it is true that some cases have assumed, or even held, that an executory real property contract, the rescission of which was being sought, did not affect the title to real property, it is difficult to accept the distinction as a sound one. (See *Birmingham* v. *Squires,* 139 App. Div. 129; *Maccabee* v. *Lipman,* 4 Misc 2d 917; but cf. *Brunner* v. *Steinhardt,* 4 Misc 2d 923.)

In any event, the complaint in one of the actions consolidated herein expressly requests that the defendant trustees be enjoined from conveying title as trustees. Hardly clearer language could be used to encompass judicial action which would affect the title to real property. In addition, defendant vendee in its answer counterclaims for specific performance of the disputed contract (see *Brunner* v. *Steinhardt, supra;* but cf. *contra, Taconic Inn Corp.* v. *Holsapple,* 188 Misc. 322). Moreover, the individual vendors have already conveyed their interests to the vendee, and any judgment rendered in these consolidated actions would very much affect the title to the property in question.

If the element of discretion were present on a motion of this kind, the prior related determination approving the contract, having been rendered in Nassau County, affirmed in the Appellate Division for the Second Department, and having since been affirmed in the Court of Appeals, would dictate retention before the same courts of proceedings affecting the same property.

Accordingly, the order granting consolidation, insofar as it denied a change of venue from New York County to Nassau County, should be modified, and the consolidated action transferred to Nassau County, together with costs to appellants. Settle order.

Order granting consolidation, insofar as it denied a change of venue from New York County to Nassau County, unanimously modified, and the consolidated action transferred to Nassau County, together with costs to the appellants. Settle order on notice.

BREITEL, J. P., BOTEIN, RABIN, VALENTE and McNALLY, JJ., concur.