Fred J. Mnnder, J.
In this action to rescind an executed contract to purchase real property located in Suffolk County and to impress a vendee’s lien thereon for the amount of consideration already paid, the defendants move to cancel a notice of pendency of the action filed in Suffolk County on the ground that the plaintiffs have failed to serve a summons and complaint within 60 days of the filing’ of the said notice as required by section 120 of the Civil Practice Act.
The present action, designating Nassau County as the place of trial, was commenced by the service of a summons and verified complaint on August 22, 1957. The plaintiffs now move to amend the caption of the action nunc pro tunc to designate Suffolk County as the venue of the action on the ground that Nassau County was so designated due to inadvertent error on the part of their attorney.
Issue was joined in this action in September, 1957. Thereafter, in May of 1958, the plaintiffs caused to be filed and served a note of issue together with a statement of readiness, designating Suffolk County as the place of trial, and the action was placed on the calendar of the Supreme Court of Suffolk County. Subsequently on October 7, 1958, a lis pendens was filed with the Clerk of Suffolk County against the subject premises.
It is the defendants’ contention that since no action has ever actually been commenced in Suffolk County the lis pendens must now be cancelled. Meanwhile the plaintiffs urge that they should not be prejudiced in their chance for recovery by reason of their attorneys’ error in view of the surrounding circumstances.
The action is one that must be tried in the county where the real property is located. (Birmingham v. Squires, 139 App. Div. 129.) The defendants were fully apprised of the nature of the action and the locale of the realty involved. That they were duly served with a note of issue designating Suffolk County as the place of trial, and that the case was then placed on the calendar of the Supreme Court of that county, the defendants do not deny. Subsequently a notice of pendency of the action was filed ostensibly in compliance with the provisions of section 120 of the Civil Practice Act which permit the filing of such a notice at any time after the commencement of the action up until final judgment. Apparently no third-party interest intervened between the time of the commencement of this action and the filing of the lis pendens.
*56 In the light of these circumstances I conclude that the mistake of the plaintiffs’ attorneys is, in the exercise of discretion, one that may now be corrected. (Civ. Prac. Act, § 105.)
The motion to cancel the Us pendens is denied and the motion to amend is granted.
Submit order accordingly.