▬ John H. Dair Building Construction Co., Inc., et al., Respondents, v. Robert W. Mayer et al., Appellants, and Ætna Casualty and Surety Company, Respondent, et al., Defendant.— Order entered July 29, 1966, denying defendants' motion for a change of venue to Nassau County, reversed, on the facts and the law, with $30 costs and disbursements to appellants to abide the event, and motion granted. All of the parties to this action except defendant Ætna Casualty and Surety Company are residents of Nassau County. All of the acts upon which liability is predicated took place in that county. The cause of action against the surety company is so tenuous that it is difficult to see why it was joined as a party except as an excuse for placing the venue here. True it is that, once joined as a party, the surety has asserted counterclaims of apparent substance. All of the witnesses as to the operative facts are residents of Nassau County. This alone indicates that the proper forum for trial is that county and requires a change of venue to it (*Slavin* v. *Whispell,* 5 A D 2d 296; *Watertown Estates Corp.* v. *Griffin Roofing,* 18 A D 2d 766). Moreover, the complaint alleges that defendant Robert Mayer misappropriated certain funds of the plaintiff and with a part of them purchased certain described real estate in Nassau County, which he later transferred to the defendant Thora Mayer, his wife. The complaint asks that this property be subjected to a lien. Plaintiffs' own interpretation of this demand is that it entitles them to a judgment reconveying the property to them. Such a judgment affects the title, possession, use or enjoyment of real property and the action must be brought in the county in which the real property is located (CPLR 507). Concur — Breitel, J. P., McNally, Stevens and Steuer, JJ.; Rabin, J., dissents in the following memorandum: I dissent and vote to affirm. Although the complaint seeks to have property "remaining in the possession of the defendants" transferred or assigned to the plaintiff, the action is

basically one in conversion, seeking an accounting based upon an alleged misappropriation of funds. The only reason that the property is involved is by way of reparation for the alleged defalcation — somewhat the same as proceedings supplementary to a judgment. All actions resulting in a money judgment could possibly affect title upon the entry and docketing of such judgment. But, of course, nobody would urge that the Legislature intended that such actions, the result of which could possibly affect title by way of judgment, be brought within the county where property which may be affected be located. In somewhat similar circumstances, where plaintiff sought an accounting for alleged mismanagement and asked that certain real estate be sold and that the proceeds be placed in trust and be distributed according to the rights of the parties, it was held that title to real property would not be affected within the meaning of subdivision 9 of section 183 of the Civil Practice Act. (*Barnes* v. *Barnhart,* 102 App. Div. 424.) The substitution of CPLR 507 did not change the meaning or effect of its predecessor subdivision 9 of section 183 of the Civil Practice Act. (See Practice Commentary, CPLR 507, McKinney's Cons. Laws of N. Y., Book 7B.) Nor do I think that change of venue, based upon the convenience of witnesses, is warranted (CPLR 510, subd. 3). According to the pleadings, the plaintiff will be obliged to prove that defendant misappropriated money of the plaintiff by applying that money to payment of services rendered for his own benefit, rather than on behalf of the plaintiff corporation. Plaintiff points out that no less than 15 witnesses, who reside in New York County, will be prepared to testify to facts in support of that position. In these circumstances we should not interfere with the exercise of Special Term's discretion to keep the case in New York County, particularly where it found that the convenience of witnesses would warrant trial in New York County. Finally, with regard to defendant, Ætna, it should be noted that even if the action against it be tenuous, this is not an attack upon the sufficiency of the complaint. Moreover, there is nothing to indicate that its substantial counterclaim is tenuous — every indication being to the contrary. Since venue was proper as to it, the action should remain in New York County, the county chosen by the plaintiff, and in which Ætna has its place of business. (See *City of New York* v. *Town of Colchester,* 212 N. Y. S. 2d 667.) In any event, this court should have granted a severance as to the cause of action against Ætna, and the counterclaims and cross claims involved, permitting that portion of the case to remain in New York County.