Lawrence H. Cooke, J.
In this action for the recovery of real estate commissions, defendants move, pursuant to CPLR 503 (subd. [a]), 507, 510 and 511, to change the place of trial from Schenectady to Albany County on the grounds that plaintiff has an office in the latter, that defendants reside therein and that. “ the real property, which is the subject of this action,” is situated therein.
The rule regarding domestic corporations codified by CPLR 503 (subd. [c]) is that for venue purposes a domestic corporation is deemed a resident of the county in which its principal office is located and this means the county designated in its certificate of incorporation as the place where the office of the corporation is to be located (Hoffman v. Oxford Developments, 9 A D 2d 937; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 503.05). The mere fact that a corporation has an office in a county other than that designated in its certificate of incorporation does not change its residence for the purpose of legal procedure (General Precision v. Ametek, Inc., 24 A D 2d 757; 1 White, New York Corporations [12th ed.], p. 357; cf. Yonkers Raceway v. National Union Fire Ins. Co., 9 Misc 2d 412, affd. 6 A D 2d 846, affd. 6 N Y 2d 756).
While CPLR 507 provides that the place of trial of an action in which the judgment demanded would affect the title to, or the *811 possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated, the line of demarcation in applying the statutory provision is whether the action involves title to realty or affects it, for it is only as to the latter class of actions that the statute extends. (Craig v. Clifton Springs Country Club, 26 A D 2d 903; Grace v. Deepdale, Inc., 3 A D 2d 397, 398; Nassau Hotel Co. v. Barnett, 164 App. Div. 203, 205). It does not apply to an action at law to recover damages for the breach of a contract for the payment of real estate commissions, although that contract relates to real property, for in such a ease the judgment which plaintiff seeks is a simple money judgment and does not affect the title to real property (Locke v. Singer, 279 App. Div. 1097; Maier v. Rebstock, 68 App. Div. 481; Minskoff v. Henderson-Johnson Co., 112 N. Y. S. 2d 74, 76; Greenberg v. Refined Gas Stations, 83 N. Y. S. 2d 761; Maccabee v. Lipman, 4 Misc 2d 917; Becker v. Town of Cherry Creek, 70 Hun 6; Hogg v. Mack, 53 Hun 463, 465; Oakes v. De Lancey, 58 Hun 611, opn. in 12 N. Y. S. 840; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 507.03). Motion denied, without prejudice to an application for change of venue pursuant to CPLB 503 (subd. [c]).