■ EUGENE R. NESBITT, Respondent, v. FRED H. NIMMICH, Appellant, et al., Defendant.— In a negligence action to recover damages for personal injuries, defendant Nimmich appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered May 8, 1969, as granted plaintiff's motion for summary judgment against said defendant, except with respect to the issue of damages. Order reversed insofar as appealed from, with $10 costs and disbursements, on the law, and plaintiff's motion denied. Plaintiff, Nesbitt, sustained his injuries in February, 1960 when, as a police officer of the Village of Garden City operating a motorcycle in pursuit of a speeding vehicle, he collided with the door of a car owned and operated by defendant Nimmich. Nimmich's car had stopped on the roadway to permit defendant Hoyt, a passenger, to alight. In a prior action, Hoyt sued Nesbitt and Nimmich for injuries he sustained in the accident and the jury returned a verdict for Hoyt against Nimmich alone. Relying on the ensuing judgment in that prior action, Nesbitt moved for summary judgment in this action on the issue of liability and, on the authority of *Schwartz* v. *Public Administrator of County of Bronx* (24 N Y 2d 65), the motion was granted. Though the opinion in *Schwartz* contains language of broad sweep, we do not think it controls the determination in this case. In *Schwartz*, both defendants in the first action

were held to have been negligent. In the instant case, the present plaintiff, Nesbitt, was exonerated as a defendant in the first action. In *Schwartz*, it was the defendant in the second action who relied upon collateral estoppel to defeat recovery. In the instant case, it is the plaintiff in the second action who relies upon collateral estoppel to obtain recovery. It does not necessarily follow that the plaintiff in the second action can prove he was free from contributory negligence merely because the passenger who sued him in the first action was unable to establish his negligence by a fair preponderance of the evidence. The shift in status from defendant to plaintiff carries with it a corresponding shift in the burden of proof. It may well be that the plaintiff in the instant case was exonerated as a defendant in the first action because the evidence of his negligence was evenly balanced. As a defendant, that balance was enough; as a plaintiff, it is not. To reach a contrary conclusion is to create a serious distortion in the existing evidentiary burdens in negligence cases. Summary judgment is a drastic remedy, the procedural equivalent of a trial. It should not be granted where there is any doubt about the issue (cf. *Millerton Agway Co-op.* v. *Briarcliff Farms,* 17 N Y 2d 57, 61, 63–64). Christ, P. J., Hopkins and Kleinfeld, JJ., concur; Munder, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum, in which Martuscello, J., concurs: This action is to recover for personal injuries sustained in February, 1960 when plaintiff, a member of the Garden City (Nassau County) police force, while allegedly pursuing a speeding vehicle on motorcycle, was struck by a door of an automobile owned and operated by appellant, which automobile had stopped on a roadway to allow defendant Hoyt to alight. In a prior action by Hoyt for personal injuries against the present plaintiff and the present appellant, the jury returned a verdict *against* appellant alone, and judgment was entered thereon. Based on that judgment, plaintiff moved for summary judgment in this action and Special Term granted the motion, citing *Schwartz* v. *Public Administrator of County of Bronx* (24 N Y 2d 65). I believe Special Term was correct. In *Schwartz*, the Court of Appeals set down two requirements as the sole prerequisites for invoking collateral estoppel, namely, " ' identity of issue ' " and " ' full and fair opportunity ' " (see Rosenberg, Collateral Estoppel in New York, 44 St. John's L. Rev. 165, 194). Those requirements were met here. First, the issue of the present plaintiff's negligence in the 1960 accident was *necessarily* decided in the prior action. The jury specifically found in his favor on that issue, i.e., specifically found he was *not* negligent. Second, there was a full and fair opportunity to contest that finding. Although the present plaintiff and appellant were codefendants in the prior action, each had full discovery against the other and the same rights of cross-examination of each other's witnesses as they had with respect to the passenger's (Hoyt). They were antagonists in every respect. As the court noted in *Schwartz* (*supra,* p. 72), " The argument that it is unfair to apply the earlier judgment in the subsequent action between the codefendants, on the ground that the parties were not true adversaries, is wholly without merit." In view of the clear language of *Schwartz,* I think the *affirmative* use of collateral estoppel is proper in the case at bar.