■ BRUCE FRIEDMAN, an Infant, by SYDNEY M. FRIEDMAN, His Father and Natural Guardian, et al., Respondents, v. METROPOLITAN NEW YORK COUNCIL et al., Respondents. STUYVESANT BICYCLE & TOY, INC., Third-Party Plaintiff-Respondent; CESARE RIZZATO & Co., Third-Party Defendant-Appellant.— In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Kings County, dated July 30, 1973, which denied (1) its motion to sever the third-party action from plaintiffs' action and (2) its motion for reargument. Order affirmed insofar as it denied the original motion. No opinion. Appeal dismissed insofar as it is from the portion of the order which denied the motion for reargument. No appeal lies from a denial of a motion for reargument. One bill of $20 costs and disbursements is awarded jointly to respondents appearing separately and filing separate briefs. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ DOROTHY HIGHTOWER et al., Plaintiffs, v. OAGIE HAYES et al., Respondents, and BENJAMIN POST, Appellant. GEORGE ROBINSON, Plaintiff, v. BENJAMIN POST, Appellant, and OAGIE HAYES et al., Respondents. (Action No. 1.) MASSIE S. BOYD, as Administrator of the Estate of TALLIE RUTHERFORD, Deceased, Plaintiff, v. BENJAMIN POST, Appellant, and OAGIE HAYES et al., Respondents. (Action No. 2.) SEALTEST FOODS, DIVISION OF KRAFTCO CORPORATION, Respondent, v. BENJAMIN POST, Appellant. (Action No. 3.) — Benjamin Post, a defendant in all these actions (Action No. 1 consists of two previously consolidated personal injury actions pending in the Supreme Court, Nassau County; Action No. 2 is a death action pending in the same court; and Action No. 3 is a property damage action pending in the Civil Court of the City of New York, County of New York), appeals from so much of an order of the Supreme Court, Nassau County, entered April 3, 1973, as, on his motion to consolidate all the actions, denied it as to Action No. 3 (the order granted the motion to the extent of consolidating Actions Nos. 1 and 2). Order reversed insofar as appealed from, with one bill of $20 costs and disbursements jointly against "Sealtest" as a party in Actions Nos. 1 and 2, "Sealtest" as a party in Action No. 3 and Hays as a party in Actions Nos. 1 and 2, motion also granted as to Action No. 3, and the Civil Court action is removed to the Supreme Court, Nassau County. All the actions arose from the same motor vehicle accident, in which a truck owned by "Sealtest", a party in all the actions, collided with the motor vehicle owned by Post. In the Civil Court action, "Sealtest" seeks some $2,000 in property damages from Post. The Supreme Court actions are for the serious personal injuries sustained by three passengers in the Post vehicle and the wrongful death of another passenger therein, a 34-year-old mother of six minor children. A finding in the Civil Court action that the Post vehicle was being driven with Post's permission would be binding on him in the Supreme Court actions (*B. R. DeWitt, Inc.* v. *Hall,* 19 N Y 2d 141). However, a finding in his favor on that issue could not be binding on the plaintiffs in the Supreme Court actions. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.