■ PATRICIA LAWLOR, Appellant, v LINO SABETTI, Respondent. (Action No. 1) MARIA SABETTI et al, Respondents, v PATRICIA LAWLOR, Defendant. (Action No. 2)—Appeal from an order of the Supreme Court, Westchester County, entered December 10, 1974, which denied a motion for the removal to the said court of Action No. 2 and for its consolidation with Action No. 1.

We have also reviewed so much of a further order of the same court, entered January 28, 1975, as, upon reargument, adhered to the original decision. Appeal from the order entered December 10, 1974 dismissed, without costs. That order was superseded by the order granting reargument. Order entered January 28, 1975 affirmed insofar as reviewed, without costs. No opinion. Latham, Acting P. J., Cohalan and Christ, JJ., concur; Brennan and Munder, JJ., concur in the dismissal of the appeal from the order entered December 10, 1974, but dissent and vote to reverse the order entered January 28, 1975, insofar as it has been reviewed, and to grant the motion for removal and consolidation. Plaintiff in Action No. 1, Patricia Lawlor, appeals from an order which denied her motion to remove Action No. 2, which is pending in the City Court of Yonkers, to the Supreme Court and to consolidate it with Action No. 1. In our opinion, the denial of the motion was an abuse of discretion. These personal injury actions arose out of the same accident, a collision between a vehicle owned and operated by Lawlor, and one owned and operated by Lino Sabetti. Lawlor, alleging severe injuries, including surgical removal of her spleen, instituted Action No. 1 in the Supreme Court. Thereafter the plaintiffs in Action No. 2, who were all passengers in the Sabetti vehicle, brought suit against Lawlor in the City Court. That court has a monetary jurisdictional limit of $6,000. The latter case will be reached for trial first, and Lawlor, as the defendant in that case, argues that she is at a serious disadvantage. For one thing, she states, she had no voice in the selection of her City Court counsel. She notes that the scope of her counsel's defense "is circumscribed by the economics of lower court litigation" or, as noted by Judge (now Chief Judge) Breitel, in his dissent in *B. R. DeWitt, Inc. v Hall* (19 NY2d 141, 149), "there is little probability of equal commitment of time, money, and talent in the different litigations." To illustrate, Lawlor points out that her defense counsel failed to commence a third-party action against the other driver (Lino Sabetti) under the principles of *Dole v Dow Chem. Co.* (30 NY2d 143), or to move for removal and consolidation with the Supreme Court action "to remove the exposure to the defense of collateral estoppel", i.e., the possibility that a finding against her in the City Court action would be binding on her in the Supreme Court action (see *Hightower v Hayes,* 43 AD2d 697; but, see, *Nesbitt v Nimmich,* 34 AD2d 958, affd 30 NY2d 622). We find these arguments realistic and compelling. Further, there is the general favoring of consolidation to avoid multiplicity of suits and possible inconsistent verdicts. Here, both actions arose out of the same accident, both will involve substantially the same issues of law and fact and, more than likely, both will require the testimony of the same witnesses. Under all of these circumstances, the motion to consolidate should have been granted (see *McAllister v Drislane,* 239 App Div 85, 87).