■ INSPIRATION ENTERPRISES, INC., et al., Appellants, v INLAND CREDIT CORPORATION et al., Respondents. INLAND CREDIT CORPORATION, Respondent, v EDWINA RAGER, Appellant. FLOWERVALE, INC., et al., Appellants, v INLAND CREDIT CORPORATION et al., Respondents.—Orders, Supreme Court, New York County, both entered May 27, 1976, which denied plaintiffs' motion for an order to remove and consolidate the within captioned Action No. 3, pending in Supreme Court, Suffolk County, with the within captioned Actions Nos. 1 and 2, pending in Supreme Court, New York County; and denied the plaintiffs' companion motion for an order enjoining the defendants, *pendente lite,* from maintaining Action No. 3 in Supreme Court, Suffolk County, and which vacated the interim stay granted by order of May 13, 1976, affirmed, with $40 costs and disbursements to respondents. Action No. 1 is based on the alleged fraud of defendants in instituting a foreclosure

action against the property at 16 East 65th Street, New York County, formerly owned by plaintiff, Inspiration Enterprises, Inc., and seeks 10 million dollars damages and vacatur of the deed to Inland Credit Corp. Action No. 2 is a summary proceeding by Inland, a defendant in Actions Nos. 1 and 3, against Edwina Rager, who is currently in possession of 16 East 65th Street. Edwina Rager is a plaintiff in Actions Nos. 1 and 3. While the complaint in Action No. 3 is virtually identical to the complaint in Action No. 1, and seeks identical relief, it pertains to a foreclosure of Suffolk County real property originally owned by respondent Flowervale, Inc. The foreclosures in New York and Suffolk Counties had no connection with each other except that most of the parties were the same in both actions. A motion to consolidate is directed to the sound discretion of the court, and the court is given wide latitude in the exercise thereof *(McAllister v Drislane,* 239 App Div 85, 87; see, also, *Lawlor v Sabetti,* 48 AD2d 688). The primary purpose of consolidation "is to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights" *(Datz v Economy Cotton Goods Stores,* 263 NY 252, 254). The denial of the motions appealed from is not an abuse of discretion. Consolidation would adversely affect substantial rights of petitioner-respondent in Action No. 2, a summary proceeding wherein Justice Tyler has ordered an immediate trial. Issue in Action No. 3 has been joined only recently and pretrial procedures are required entailing considerable delay. (See *Levin v State of New York,* 22 Misc 2d 443, which denied consolidation which would have resulted in delay of a trial.) Further, CPLR 507 provides: "The place of trial of an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated." While some cases have held CPLR 507 does not preclude trial of an action affecting real property from taking place in a county other than one in which the real property is located *(Forde v Forde,* 53 AD2d 779; 2 Weinstein-Korn-Miller, NY Civ Prac, par 507.02), the general rule is to the contrary *(Nassau Hotel Co. v Barnett,* 164 App Div 203; *Grace v Deepdale, Inc.,* 3 AD2d 397; *Dair Bldg. Constr. Co. v Mayer,* 27 AD2d 535; *Winston v Krinsky,* 30 AD2d 524). Concur—Birns, Capozzoli, Lane and Nunez, JJ.; Lupiano, J. P., dissents in the following memorandum: On or about the first week of March, 1976, Inland Credit Corporation ("Inland") commenced a summary holdover proceeding against Edwina Rager in Civil Court, New York County, with respect to real property located at 16 East 65th Street, New York, New York (Action No. 2). This property ("the New York property") was formerly owned by Inspiration Enterprises, Inc. ("Inspiration"), Inland having acquired title to the realty pursuant to a judgment of foreclosure dated October 28, 1975 in an action entitled *Inland Credit Corp. v Inspiration Enterprises* (Sup Ct, NY County [Index No. 2166/75]). As a second affirmative defense and counterclaim, Edwina Rager alleged that the said foreclosure action was null and void from inception on the ground of fraud and deceit by the petitioner Inland. Immediately after the initiation of the summary proceeding, Inspiration, Edward Rager and his wife Edwina Rager commenced an action against Inland, Ardisco Financial Corporation ("Ardisco") and three named individuals in Supreme Court, New York County, alleging causes of action based on fraud in the instituting of the foreclosure action against the New York property and seeking vacatur of the referee's deed to Inland and monetary damages (Action No. 1). Plaintiffs in Action No. 1 moved for an order consolidating the summary proceeding pending in Civil Court with this Supreme Court action, which motion was granted. Oscar Dane, chair-

man of defendant Inland in Action No. 1, also named as a defendant, notes in his affidavit sworn to on May 6, 1976, that Tyler, J., granted this motion for consolidation *on consent* with the direction that an order be settled providing for an immediate trial. Defendant Dane unequivocally asserted that "Inland will do its best, pursuant to that decision, to bring that consolidated action for immediate trial." It should be noted at this point that Edward and Edwina Rager are the sole shareholders and officers of Flowervale, Inc. ("Flowervale") and Inspiration. Similarly, on or about March 8, 1976, Edward and Edwina Rager and Flowervale commenced an action against Inland and the afore-mentioned three individual defendants and Plantation House & Garden Products, Inc. ("Plantation") in the Supreme Court, Suffolk County, alleging causes of action based on fraud in the instituting of a foreclosure action against real property in Suffolk County formerly owned by Flowervale and seeking vacatur of the referee's deed to Plantation and monetary damages (Action No. 3). It is asserted that both Plantation and Ardisco are subsidiaries of and controlled by Inland. It is beyond cavil that the complaints in Actions Nos. 1 and 3 are substantially identical. The fraud alleged in each of the two complaints stems from an identical written agreement purportedly executed by Inland on or about December 6, 1974, affecting *both* the New York real property and the Suffolk real property. It is asserted, *inter alia,* that under the terms of that agreement, annexed as an *identical* exhibit in each action, the defendants fraudulently represented to the plaintiffs that they would not foreclose the second mortgages they held on the New York and Suffolk properties in consideration of plaintiffs deeding the New York property to them; that they would sell the New York property, valued at $450,000, and apply the proceeds to satisfy the mortgages and taxes on said property and would apply the surplus in reduction of the mortgage on the Suffolk property; that notwithstanding these representations, they procured judgments of foreclosure by default against plaintiffs and in obtaining the deed *from plaintiffs* on the New York property as aforesaid, defendants fraudulently prevented plaintiffs from obtaining refinancing or otherwise defending the foreclosure actions. It is not controverted on this record that the corporate defendants in Actions Nos. 1 and 3 have their offices in New York County. The complaints aver that the corporate plaintiffs have their offices in New York County and Inland in its summary proceeding seeks to oust Edwina Rager from possession of premises in New York County. Noting the defendants consent to consolidation of Actions Nos. 1 and 2, plaintiffs in Action No. 1 moved to have Action No. 3 pending in Suffolk County consolidated with Actions Nos. 1 and 2. Special Term denied their motion citing CPLR 507 and the instant appeal followed. CPLR 507 provides: "The place of trial of an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated." In Weinstein-Korn-Miller, New York Civil Practice (vol 2, par 507.02), it is noted that "CPLR 507 is subject to the court's power to change venue upon motion under CPLR 510(2) or 510(3) when there is reason to believe that an impartial trial cannot be had in the county where the land is located or *the convenience of material witnesses and the ends of justice will be promoted by the change"* (emphasis supplied). Patently, the two actions and the proceeding involved herein involve common questions of law and fact and CPLR 507 is of itself not a bar to consolidation for purposes of a joint trial. In apparent recognition of these circumstances, Inland and its codefendants assert that they would suffer prejudice in that "consolidating Action #3 with the prior

actions would [result in] further delay and confusion." Apart from the record, Inland in its brief on appeal points out that an order effecting Justice Tyler's determination to consolidate Actions Nos. 1 and 2 with immediate trial was noticed for settlement on September 8, 1976 and that "[n]o preliminary or pre-trial procedures have taken place" in Action No. 3 and that to consolidate said action with Actions Nos. 1 and 2 would frustrate "the right of Inland to speedy disposition of its summary proceeding against Edwina Rager." Both Actions Nos. 1 and 3 were commenced at the same time. No prejudice as is claimed by defendants in said actions will arise from consolidation of Action No. 3 with Actions Nos. 1 and 2 (consolidated on consent), because the disposition of Actions Nos. 1 and 2 will, of necessity, invoke the doctrine of collateral estoppel on the parties in Action No. 3. To reiterate, the complaints in Actions Nos. 1 and 3 are identical in relevant and material aspects and the parties are essentially the same. To consent to consolidation and an immediate trial of Actions Nos. 1 and 2 and then to oppose further consolidation of Action No. 3 with Actions Nos. 1 and 2 on the ground that no pretrial disclosure has been obtained in Action No. 3, is under these circumstances to aver a conclusory and illusory claim of prejudice. The determination in Action No. 1 will, in effect, determine Action No. 3. Immediacy of trial with respect to Action No. 1 must, under the circumstances herein, be attributed to the actions of defendants; they cannot avail themselves of these actions to the extent of frustrating consolidation of Action No. 3 with Actions Nos. 1 and 2. It is clear on this record that "the convenience of material witnesses and the ends of justice will be promoted" by consolidation of Action No. 3 with Actions Nos. 1 and 2. (2 Weinstein-Korn-Miller, NY Civ Prac, par 507.02.) Apart from the aforesaid, logic dictates that the alleged fraud akin to both Actions Nos. 1 and 3 may be better perceived with the judicial process confined in one trial court, instead of segregating the merits in two different places (New York County and Suffolk County) and at different times. The order of the Supreme Court, New York County, entered May 27, 1976, denying plaintiffs' motion in Action No. 1 for removal and consolidation of Action No. 3 with Actions Nos. 1 and 2 should be reversed, on the law, with costs and disbursements, and the motion should be granted to the extent of directing a joint trial of said actions. In view of this disposition, this court need not determine plaintiffs' appeal in Action No. 1 from the order of the Supreme Court, New York County, entered on the same day, denying their motion for an order enjoining defendants *pendente lite* from maintaining the action pending in the Supreme Court, Suffolk County, until plaintiffs' motion for consolidation is heard.