■ BRONX-LEBANON HOSPITAL CENTER, Respondent, v MOUNT EDEN CENTER, Also Known as MOUNT EDEN CENTER CORP. and Another, Appellant.—Order of the Supreme Court, Bronx County (Harold Tompkins, J.), entered on or about April 14, 1989, which treated defendant's motion to dismiss the complaint for failure to state a cause of action as a motion for summary judgment, denied the motion and also denied defendant's motion to cancel the notice of pendency, is unanimously affirmed, with costs and disbursements.

Defendant contracted to sell to plaintiff certain real property located in the Bronx. Simultaneously, the parties entered into an agreement authorizing plaintiff to occupy the premises until the date of closing. However, no specific time was set for the closing since defendant, a not-for-profit corporation, was required to obtain court approval for the sale (Not-For-Profit Corporation Law § 511) and also had to satisfy a tax lien filed against the property. Thereafter, plaintiff, through a series of letters, endeavored to terminate the contract of sale. In that regard, plaintiff claimed that defendant had wrongfully changed locks on the building and, by so doing, had breached the agreement. Defendant countered by urging that the contract had not been terminated and remained in full force and effect. Subsequently, defendant sought a new buyer and, in 1985, received court permission to sell the property to this other purchaser. Plaintiff then served the instant complaint, and defendant moved to dismiss and to cancel the notice of pendency.

In denying the motion, the IAS court found issues of fact as to whether or not the contract had been terminated or breached. We agree. The unresolved questions of fact apparent herein include whether defendant breached the contract of sale by changing the locks on the premises and whether plaintiff's conduct in remaining on the premises constituted a waiver of any purported breach. Clearly, "[s]ummary judgment is a drastic remedy, the procedural equivalent of a trial. It should not be granted where there is any doubt about the issue" (Nesbitt v Nimmich, 34 AD2d 958, 959). In the instant situation, the parties are in dispute over factual matters which must be determined at trial. The court also properly denied defendant's motion to cancel the notice of pendency (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313). Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.