■ KATHLEEN ZAHNER, Respondent, v NICHOLAS URAM et al., Appellants. [605 NYS2d 611] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We conclude, from our review of the contract for the sale of realty, that there was consideration for the $7,000 nonrefundable deposit. It is apparent that the additional deposit was an inducement for defendants to permit plaintiff to have occupancy of the house prior to closing. Thus, plaintiff was not entitled to recover that "nonrefundable" earnest money deposit when the contract, by its terms, became null and void.

Supreme Court did not address defendants' motion to vacate the lis pendens filed against the property in Chautauqua County. Because plaintiff concedes in her answering affidavit that her action is one to recover money damages and that it does not affect title to real property (*see,* CPLR 6501), the lis pendens is vacated. For the same reason, the venue provisions of CPLR 507 are not applicable.

Thus, we modify the judgment by denying plaintiff's cross motion for summary judgment and granting defendants' motion for summary judgment dismissing the complaint and for vacatur of the lis pendens. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Lawton, Doerr and Boehm, JJ.