■ GLADYS ESPINOZA, Respondent, v CONCORDIA INTERNATIONAL FORWARDING CORP., Defendant, and PROFESSIONAL LINE WAREHOUSING INC., Doing Business as PRO LINE WAREHOUSING INC., et al., Appellants. [836 NYS2d 3]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered April 4, 2006, which denied defendants' motion

to change venue from Bronx County to Queens County, unanimously reversed, on the law, the facts and in the exercise of discretion and the motion granted, without costs.

The motion court improvidently exercised its discretion since Queens County is the site where plaintiff's personal injury claim arose, where plaintiff resides and was treated for her injuries, and where the corporate defendants conduct business (*see Ohrenstein v LaGuardia Racquet Club*, 118 AD2d 515 [1986]; *John H. Dair Bldg. Constr. Co. v Mayer*, 27 AD2d 535 [1966]). The sole connection to Bronx County is that it is the residence of the nominal, individual defendant, an employee of the corporate defendant who admittedly was acting within the scope of his duties at the time of the accident, such that if liability were adjudged against him, he would be indemnified by his employer. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Malone, JJ.