CARLTON GROUP, LTD., Respondent, v PROPERTY MARKETS GROUP, INC., et al., Appellants, et al., Defendants. [21 NYS3d 704]—

In an action to recover damages for breach of contract and tortious interference with contract, and to recover in quantum meruit for services rendered, the defendants Property Markets Group, Inc., Kevin Maloney, QPS 23-10 Development, LLC, PMG Aventura Holdings, LLC, PMG Aventura, LLC, PMG Aventura Mezzanine, LLC, PMG Brickell, LLC, PMG Brickell Development Group, and PMG Brickell Holdings, LLC, appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered May 14, 2015, which denied their motion pursuant to CPLR 510 (1) and 511 to transfer the venue of the action from Queens County to New York County.

Ordered that the order is reversed, on the law, with costs, the motion of the defendants Property Markets Group, Inc., Kevin Maloney, QPS 23-10 Development, LLC, PMG Aventura Holdings, LLC, PMG Aventura, LLC, PMG Aventura Mezzanine, LLC, PMG Brickell, LLC, PMG Brickell Development Group, and PMG Brickell Holdings, LLC, to transfer venue of

the action from Queens County to New York County is granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, New York County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff's stated basis for venue in Queens County was the alleged address of property owned by the defendant QPS 23-10 Development, LLC (hereinafter QPS), in Queens County. The appellants moved pursuant to CPLR 510 (1) and 511 to transfer venue of the action from Queens County to New York County, alleging that QPS was a resident of New York County, and that no other party resided in Queens County at the time of commencement. The appellants further claimed that CPLR 507 does not apply to this case.

Pursuant to CPLR 503 (a), the venue of an action is properly placed in the county in which any of the parties resided at the time of commencement (*see Panco Dev. Corp. v Platek*, 262 AD2d 292 [1999]). In support of their motion, the appellants established that QPS was a resident of New York County at the time of commencement by producing a certified copy of QPS's application for authority to conduct business filed with the New York State Department of State, which listed New York as the county in which its principal office was located (*see* Limited Liability Company Law §§ 102 [s]; 802 [a] [3]; *Johanson v J.B. Hunt Transp., Inc.*, 15 AD3d 268, 269 [2005]; *see also Graziuso v 2060 Hylan Blvd. Rest. Corp.*, 300 AD2d 627, 628 [2002]). The plaintiff did not dispute the fact that the application for authority designated New York County as the location of QPS's principal office, but claimed that QPS is a resident of Queens County because that is the location of its principal place of business. However, the sole residence of a foreign corporation or a foreign limited liability company for venue purposes is the county where its principal office is located as designated in its application for authority to conduct business filed with the New York State Department of State, regardless of where it transacts business or maintains its actual principal office or facility (*see* CPLR 503 [c]; *American Bldrs. & Contrs. Supply Co., Inc. v Capitaland Home Improvement Showroom, LLC*, 128 AD3d 870, 871 [2015]; *Negron v Nouveau El. Indus., Inc.*, 104 AD3d 655, 656 [2013]; *Johanson v J.B. Hunt Transp., Inc.*, 15 AD3d at 269; *Ashjian v Orion Power Holdings, Inc.*, 9 AD3d 440 [2004]). Such office need not be a place where business activities are conducted by the limited liability company (*see* Limited Liability Company Law § 102 [s]; *Dyer v 930 Flushing, LLC*, 118 AD3d 742 [2014]). Since the appellants

established that QPS was a resident of New York County, not of Queens County, at the time of commencement, and that no other party resided in Queens County, their motion to transfer venue should have been granted.

Furthermore, contrary to the plaintiff's contention, CPLR 507 does not require the venue of this action to be placed in Queens County. CPLR 507 does not apply to this action at law to recover the payment of commissions or to recover in quantum meruit for services rendered pursuant to a financing agreement, since the judgment demanded in this action will not "affect the title to, or the possession, use or enjoyment of," the real properties described in the complaint (CPLR 507; *see Zahner v Uram*, 199 AD2d 1048 [1993]; *Pezzuti v Vining*, 44 AD2d 651 [1974]; *Maier v Rebstock*, 68 App Div 481 [1902]; *McNamara Realty v Hutchinson*, 54 Misc 2d 810, 811 [Sup Ct, Albany County 1967]). Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.