■ Arnold Gleitman et al., Appellants, v Silver Gate Owners Corp. et al., Respondents. [29 NYS3d 195]—

In an action, inter alia, to recover damages for wrongful evic-

tion, conversion, and trespass, and for a judgment declaring that the current board of directors of the defendant Silver Gate Owners Corp. is not legally constituted, the plaintiffs appeal from an order of the Supreme Court, Queens County (Dufficy, J.), entered October 6, 2015, which granted that branch of the defendants' motion which was pursuant to CPLR 507 to transfer the venue of the action from Queens County to Sullivan County.

Ordered that the order is reversed, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 507 to transfer the venue of the action from Queens County to Sullivan County is denied, and the Clerk of the Supreme Court, Sullivan County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

Contrary to the defendants' contention, the judgment in this action would not affect title to, or the possession, use, or enjoyment of, real property, inasmuch as the plaintiffs seek only damages and a judgment declaring that the current board of directors of the defendant Silver Gate Owners Corp. is not legally constituted (*see* CPLR 507; *Carlton Group, Ltd. v Property Mkts. Group, Inc.*, 134 AD3d 1018, 1020 [2015]; *State of New York v Slezak Petroleum Prods., Inc.*, 78 AD3d 1288, 1289 [2010]; *Zahner v Uram*, 199 AD2d 1048 [1993]; *Weinstein Enters. v Great Atl. & Pac. Tea Co.*, 112 AD2d 219, 220 [1985]).

In light of this determination, the plaintiffs' remaining contentions have been rendered academic.

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 507 to transfer the venue of the action from Queens County to Sullivan County. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.